09-3797-cv
*Toussaint v. Mahoney*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2010

(Argued: May 3, 2011          Decided: June 6, 2011)

Docket No. 09-3797-cv

ROGER TOUSSAINT, as President of Transport Workers Union, Local 100, ED WATT, as Secretary Treasurer of Transport Workers Union, Local 100,

*Plaintiffs-Appellees*,

JAMES MAHONEY, as the Director of the Transport Workers Union,

*Plaintiff-Counter-Defendant-Appellee*,

JOSEPH ALLMAN, BERNARD BEAVER, FRANK INGRAM, LAVERNE STUCKEY, MAURICE SCHIERMAN, MATTHEW TARNOWSKI, on their own behalf and on behalf of all others similarly situated,

*Plaintiffs-Appellees*,

-v.-

JJ WEISER, INC., STANFORD J. COHEN, HARVEY T. GLUCK,

*Defendants*,

INTERBORO MUTUAL INSURANCE CO.,

*Defendant-Cross-Defendant*,

MICHAEL J. FITZPATRICK, JOHN MEEHAN,

*Defendants-Counter-Claimants-Third-Party Plaintiffs-Appellants*,

LOCAL 100, TRANSPORT WORKERS UNION, TRANSPORT WORKERS UNION RETIREES ASSOCIATION,

*Third-Party Defendants.*[*]

———————————

Before:

WALKER, CALABRESI, and WESLEY, *Circuit Judges*.

Appeal from an order of the United States District Court for the Southern District of New York (Marrero, *J.*) entered on August 18, 2009, denying Defendants-Counter-Claimants-Third-Party Plaintiffs-Appellants John Meehan and Michael J. Fitzpatrick's motion for fees and costs pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.

AFFIRMED.

———————————

NICHOLAS HANLON, Cary Kane LLP, *for Plaintiffs-Appellees*.

SUSZANNE TONGRING (Terrence Buehler, Touhy Touhy Buehler & Williams, LLP, *on the brief*), *for Defendants-Counter-Claimants-Third-Party Plaintiffs-Appellants*.

———————————

———————————

[*] The Clerk of Court is directed to amend the caption as set forth above.

PER CURIAM:

John Meehan and Michael Fitzpatrick ("Defendants") are former directors of a retirees association of former unionized transportation workers. In an underlying ERISA action, the retirees association and six of its members alleged, among other things, that Defendants breached their fiduciary duty to the retirees association and its members by buying and maintaining a health insurance policy with premiums that far outstripped the benefits received by members. Defendants prevailed on all counts, *see Mahoney v. J.J. Weiser & Co.*, 564 F. Supp. 2d 248 (S.D.N.Y. 2008), *aff'd* 339 Fed. App'x 46 (2d Cir. 2009) (summary order), and sought fees and costs pursuant to 29 U.S.C. § 1132(g)(1). On August 18, 2009, the United States District Court for the Southern District of New York (Marrero, *J.*) denied Defendants' fees motion. *See Mahoney v. J.J. Weiser & Co.*, 646 F. Supp. 2d 582 (S.D.N.Y. 2009). Defendants now appeal that decision.

In denying Defendants' motion, the district court applied our Court's five-factor test for evaluating applications for attorney's fees pursuant to 29 U.S.C. § 1132(g)(1), considering:

(1) [T]he degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

*Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987). The district court reasoned:

> As to the first [*Chambless*] factor, though Defendants ultimately prevailed on the merits of their position in this Court and on appeal, under the circumstances that gave rise to the action at the time it was filed, there is no sufficient evidence of culpability or bad faith on Plaintiffs' part in commencing the litigation. Concerning the need for deterrence reflected in the third factor, the Court agrees that given ERISA's policy of protecting plan beneficiaries, colorable claims pursued in good faith, even if ultimately unsuccessful, should not be discouraged by awards of attorney's fees to prevailing defendants.
> As regards the fourth factor, the relative merits of the parties' positions, though Defendants' arguments prevailed, Plaintiffs' losing claims should be considered in the context of the absence of culpability or bad faith as determined in assessing the first factor. In this light, the Court finds that Plaintiffs' position cannot be considered so substantially devoid of merit as to tip the *Chambless* factors dispositively in Defendants' favor on this basis alone.

*Mahoney*, 646 F. Supp. 2d at 586 (internal citations omitted).

Defendants contend that the district court erred in light of the Supreme Court's intervening decision in *Hardt v. Reliance Standard Life Insurance Co.*, 130 S. Ct. 2149 (2010). *Hardt* held that the proper standard for determining whether a fee claimant is eligible for § 1132(g)(1) fees is whether the claimant has achieved "some degree of success on the merits," not whether the claimant was a "prevailing party." *Id*. at 2158; *see also id*. at 2157. *Hardt* recognized that its holding did not change the law in our Court with respect to this issue. *See id*. at 2156 n.2 (citing *Miller v. United Welfare Fund*, 72 F.3d 1066, 1074 (2d Cir. 1995)). In any event, there is no dispute that Defendants achieved both prevailing party status and some degree of success on the merits in this case because the district court granted summary judgment in their favor and we affirmed. Accordingly, the difference between "prevailing party" and "some degree of success on the merits" is irrelevant here.

*Hardt* further pointed out that the Fourth Circuit's five-factor test for awarding § 1132(g)(1) fees – which

mirrors our Court's own *Chambless* factors – "bear[s] no obvious relation to § 1132(g)(1)'s text or to our fee-shifting jurisprudence." *Id*. at 2158. *Hardt* concluded that consideration of these factors is "not required for channeling a court's discretion when awarding fees under [§ 1132(g)(1)]." *Id*. *Hardt* nevertheless "[did] not foreclose the possibility that . . . a court may consider the five factors . . . in deciding whether to award attorney's fees." *Id*. at 2158 n.8.

*Hardt*'s recognition that courts need not apply the *Chambless* factors does not mean, as Defendants suggest, that the district court abused its discretion when it used the *Chambless* factors to structure its analysis. A court may apply – but is not required to apply – the *Chambless* factors in "channeling [its] discretion when awarding fees" under § 1132(g)(1). *See id*. at 2158. So long as a party has achieved "some degree of success on the merits," *id*., a "court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Thus, a district court must begin its § 1132(g)(1) analysis by determining whether a party has achieved "some degree of success on the merits," but it is

not required to award fees simply because this pre-condition has been met. *Cf. Taafee v. Life Ins. Co. of N. Am.*, --- F. Supp. 2d ---, 2011 WL 723586, at *9 (S.D.N.Y. Feb. 23, 2011) (concluding that "'some success on the merits' . . . is all a fee claimant must show to be eligible to collect attorneys' fees").

Here, although the district court did not have the benefit of *Hardt* in reaching its decision, nothing in the district court's opinion contradicts *Hardt* or suggests that the district court would have decided the matter differently in light of *Hardt*. Accordingly, *Hardt* does not require us to reverse or remand. *Hardt* also does not disturb our observation that "the five factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." *Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000) (internal quotation marks omitted). This "favorable slant toward ERISA plaintiffs is necessary to prevent the chilling of suits brought in good faith." *Id*. For this reason, when determining whether attorney's fees should be awarded to defendants, we focus on the first *Chambless* factor: whether plaintiffs brought the complaint in good faith. After a thorough review of the record, we conclude

that the district court did not abuse its discretion in denying fees in the present case. *See McDonald ex rel. Prendergast v. Person Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) ("Given the district court's inherent institutional advantages in this area, our review of a district court's fee award is highly deferential."); *see also Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001).

Based on the foregoing, the order of the district court is hereby **AFFIRMED**.