11-2063-cv (L)
Levitian v. Sun Life & Health Ins. Co.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of June, two thousand twelve.

PRESENT:

RALPH K. WINTER,
JOSÉ A. CABRANES,
SUSAN L. CARNEY,
       *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MICHAEL LEVITIAN,

     *Plaintiff-Appellee-Cross-Appellant,*

     -v.-                          Nos. 11-2063-cv (Lead)
                                            11-2239-cv (XAP)

SUN LIFE AND HEALTH INSURANCE COMPANY (U.S.),

     *Defendant-Appellant-Cross-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLEE-CROSS-APPELLANT:**    SCOTT M. RIEMER, Riemer & Associates, LLC, New York, NY.

**FOR DEFENDANT-APPELLANT-CROSS-APPELLEE:**    JOSHUA BACHRACH, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Philadelphia, PA.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be AFFIRMED as to the cross-motions for summary judgment, VACATED as to attorney's fees, and REMANDED to the District Court to determine whether cross-appellant is entitled to attorney's fees.

Defendant-Appellant-Cross-Appellee Sun Life and Health Insurance Co. ("Sun Life") appeals from a February 9, 2011 judgment of the District Court denying its motion for summary judgment and granting in part the cross-motion for summary judgment of Plaintiff-Appellee-Cross-Appellant Michael Levitian. Levitian appeals the portion of the District Court's order that denied its application for attorney's fees. We assume the parties' familiarity with the underlying facts and the procedural history, some of which we briefly reiterate here.

BACKGROUND

This appeal arises out of an application for disability benefits filed by Levitian, a former employee of Assured Guaranty ("Assured"). Levitian, a database administrator and a Vice President of Information Technology at Assured, alleged that carpal tunnel syndrome and DeQuervain tendonitis prevented him from performing keyboarding tasks for more than four hours per day. Accordingly, he claimed, he was totally disabled from performing in his capacity as a database administrator. Levitian ceased working at Assured on February 17, 2006, for reasons that are in dispute.[1]

Upon receiving Levitian's application for long-term disability benefits, Sun Life, the long-term disability insurer for Assured's employees, commenced an investigation as to Levitian's medical condition. After initially denying Levitian's claim based on allegedly inadequate documentation of his

_____

[1] Levitian claims he ceased work because he became too disabled to perform his daily tasks. Sun Life alleges

2

disability, Sun Life reversed course.  On November 20, 2006, based in part on an Occupational Analysis Report prepared by Sarah Coughlin (the "Coughlin Report"), which stated that Levitian's position at Assured would have required him to keyboard more than four hours per day, Sun Life awarded Levitian benefits.

On February 1, 2007, Levitian took a new position as Chief Technology Officer at Global Advertising Strategy ("Global").  At some point thereafter, Sun Life commissioned a new Occupational Analysis Report from Jacqueline Pickering (the "Pickering Report").  The Pickering Report was forwarded to Sun Life on March 14, 2008.  Based upon the Pickering Report and Levitian's new position at Global, Sun Life informed Levitian on May 5, 2008, that it would cease his long-term disability benefits.  Levitian's internal appeal was denied by Sun Life on August 26, 2008.

On March 26, 2009, Levitian filed the complaint in this action, alleging his entitlement to long-term disability benefits and attorney's fees pursuant to Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*  After a failed attempt at mediation, the parties filed cross-motions for summary judgment on May 3 and 4, 2010.

On February 9, 2011, the District Court denied Sun Life's motion for summary judgment and granted in part and denied in part Levitian's cross-motion for summary judgment. *Levitian v. Sun Life & Health Ins. Co. (US)*, No. 09 Civ. 2965(GBD), 2011 WL 565330 (S.D.N.Y. Feb. 9, 2011) ("*Levitian I*"). As the District Court understood the record, Sun Life's adverse determination was taken in three steps:

> First, Sun Life determined that Levitian was a Database Administration Manager.  Then, it determined that a Database Administration Manager was not required to keyboard for more than four hours a day so long as the Manager supervised a department of two or more.  Finally, it determined . . . that Levitian managed a department of three.  On this basis alone, Sun Life concluded he was not required to keyboard for more than four hours a day and was not disabled under the policy.

*Id.* at *4 (citations omitted).

---

Levitian was in fact terminated on a ground unrelated to his physical condition.

The District Court then evaluated Sun Life's evidentiary support for each step of its inquiry, and held that that Sun Life's decision to deny benefits was not supported by substantial evidence. *Id.* at *4–5. Specifically, the Court determined that Sun Life's reliance on the Pickering Report was misplaced, and that that Report did not provide the type of evidence of Levitian's vocational capacity that could justify a revocation of benefits.[2] *Id.* at *4. The Court further held that Sun Life was under a conflict of interest, as it both decided whether claimants were entitled to benefits and also paid those benefits. *Id.* Finally, the Court held that Sun Life had no valid evidentiary support for its claim that Levitian supervised more than two people as a database administrator. *Id.* at *4–5. Accordingly, the Court concluded that Sun Life's determination of benefits was arbitrary and capricious, and ordered Sun Life to reinstate Levitian's benefits. The Court denied Levitian's motion for summary judgment, however, insofar as it requested attorney's fees.[3] *Id.* at *6 n.6.

This appeal followed. Sun Life alleges that the District Court erred by (1) relying on evidence outside the Administrative Record; (2) concluding that Sun Life's denial of benefits was arbitrary and capricious based upon evidence that was not presented to Sun Life during the pendency of the claim; (3) substituting its own judgment for that of Sun Life; and (4) deciding that Sun Life was arbitrary and capricious in concluding that Levitian was a manager at Assured and therefore was not required to keyboard for more than four hours per day. Levitian cross-appeals, arguing that the District Court abused its discretion in not granting him attorney's fees pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

---

[2] The parties' fundamental dispute with regard to the Pickering and Coughlin Reports centers on whether Levitian was a mere database administrator or whether he was a database administrator *manager*. The former position would likely entail more than four hours of keyboarding per day; the latter, likely less than four hours. As we discuss below, Sun Life's determination, based primarily upon the Pickering Report, that Levitian's position at Assured required less than four hours of keyboarding per day was not supported by substantial evidence. *See post*, Section A.ii.

[3] Both parties moved for reconsideration of the District Court's ruling. The Court denied both motions on May 6, 2011. *Levitian v. Sun Life & Health Ins. Co.*, No. 09 Civ. 2965(GBD), 2011 WL 1796317, at *1 (S.D.N.Y. May 6, 2011) ("*Levitian II*").

DISCUSSION

A.      *The Motion for Summary Judgment*

        i.      *Standard of Review*

We review the decision of the District Court granting summary judgment to the appellee *de novo*.

*Durakovic v. Bldg. Serv. 32 BJ Pension Fund*, 609 F.3d 133, 137 (2d Cir. 2010).  We therefore conduct our

own independent review of the decision of Sun Life (the "Plan Administrator") under the deferential

"arbitrary and capricious standard."  *See id.* at 141 (on *de novo* review of a decision by the district court,

conducting "arbitrary and capricious" review of Plan Administrator action); *but see Conkright v. Frommert*,

130 S. Ct. 1640, 1651 (2010) (deference "does not mean that the plan administrator will prevail on the

merits.  It means only that the plan administrator's interpretation of the plan 'will not be disturbed if

reasonable.'" (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989)))).

We will find that a decision of a Plan Administrator is arbitrary and capricious if it is "without

reason, unsupported by substantial evidence, or erroneous as a matter of law."  *Krauss v. Oxford Health*

*Plans, Inc.*, 517 F.3d 614, 623 (2d Cir. 2008) (quotation marks omitted).  Substantial evidence is "such

evidence that a reasonable mind might accept as adequate to support the conclusion reached by the

[Plan Administrator] . . . and requires more than a scintilla but less than a preponderance."  *Durakovic*,

609 F.3d at 141 (quotation marks omitted); *Miller v. United Welfare Fund*, 72 F.3d 1066, 1072 (2d Cir.

1995).

        ii.     *The Plan Administrator's Action was Not Supported by Substantial Evidence*

We agree with the District Court that the decision of the Plan Administrator to deny benefits

was not supported by substantial evidence and was therefore arbitrary and capricious.[4]  The only

---

[4] We disagree, however, with the District Court's holding that Sun Life's decision to reevaluate Levitian's case was, *in and of itself*, "unreasonable."  *Levitian I*, 2011 WL 565330 at *5.  There is no rule in this Circuit against a Plan Administrator deciding, with or without new evidence, to revisit its decision to grant benefits.  *See, e.g., Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 88 (2d Cir. 2009); *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 274 (5th Cir. 2004).  Indeed, the District Court

5

substantive change in Levitian's case between the approval of benefits and the subsequent denial of benefits was the submission to Sun Life of the Pickering Report (hereinafter the "Report").[5] Therefore, we evaluate whether the Report constitutes "substantial evidence" supporting the denial of benefits. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 119 (2008) ("*Metro. Life*") ("In explaining how a reviewing court should take account of [an administrative] agency's reversal of its own examiner's factual findings, [the Supreme] Court . . . held that the reviewing judge should take account of that circumstance as a factor in determining the ultimate adequacy of the record's support for the agency's own factual conclusion.").

The Pickering Report cannot support the denial of benefits. The Report drew a bright line tying managerial responsibility directly to the number of subordinates: if a "manager" had one subordinate, his keyboarding would likely be more than four hours per day, whereas if he had two or more subordinates, his keyboarding would likely be less than four hours per day. The Report does not provide any evidence, let alone any substantial evidence, to justify its choice to draw this line. The action of the Plan Administrator in denying benefits based upon the Report was therefore arbitrary and capricious.

We reach this conclusion in part because of Sun Life's undisputed conflict of interest. *See Levitian I*, 2011 WL 565330, at *4 (noting that the conflict of interest is not disputed). Where, as here, a Plan Administrator both evaluates and pays benefits, the Administrator is under a conflict of interest

cited no authority for such a rule. Nevertheless, because we determine that the District Court had a sufficient basis on which to determine that Sun Life's position was unsupported by substantial evidence, our disagreement with this aspect of the District Court's holding does not prevent us from affirming its judgment.

[5] Sun Life alleges that its reevaluation of Levitian's case was based in part upon learning Levitian's new employment as a departmental manager, in which role, Sun Life contends, Levitian performed "essentially the same managerial functions that he performed while working at Assured." Even if so, Levitian's new employment does not constitute substantial evidence upon which a determination of benefits could have been based. As the District Court noted, Sun Life's finding that Levitian was not eligible for benefits rested on a three-step process. *See supra*. Levitian's new employment could have only supported Sun Life's finding as to the first step—determining that Levitian was a Database Administration Manager. The new position could have given Sun Life no new information about the number of employees supervised by Levitian *at Assured*. Accordingly, Levitian's acceptance of new employment cannot provide the substantial evidence that was required for Sun Life to reverse its previous position and deny benefits.

that must be considered by a reviewing court, along with the other factors discussed above, in determining whether a decision of the Administrator is arbitrary and capricious. *Metro. Life*, 554 U.S. at 117. Such a conflict should be viewed as more determinative where the Administrator relies upon one report, favoring the Administrator's position, more heavily than (or to the exclusion of) another report favoring the benefits claimant. *Id.* The Plan Administrator did precisely that in this case, where it discredited the Coughlin Report, which was the initial basis for the favorable (to Levitian) benefits determination, in favor of the unfavorable Pickering Report.[6] We therefore affirm the judgment of the District Court as to the cross-motions for summary judgment on the substantive ERISA claim.

B.      *Attorney's fees*

Levitian cross-appeals from the District Court's denial of attorney's fees, arguing that as a "prevailing party" he is entitled to such fees. We review the District Court's decision to deny attorney's fees for abuse of discretion. *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining that the term of art "abuse of discretion" includes errors of law).

The District Court relied solely upon the five-factor *Chambless* test previously mandatory in our Circuit in deciding to deny attorney's fees to Levitian.[7] *See Levitian I*, 2011 WL 565330, at *6 n.6 (citing *Chambless*, 815 F.2d at 871). That test was abrogated by the Supreme Court in *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. __, 130 S. Ct. 2149 (2010). Although after *Hardt* courts "may [still] apply . . . the *Chambless* factors in 'channeling [their] discretion when awarding fees' under § 1132(g)(1)," *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 110–11 (2d Cir. 2011), a denial of attorney's fees after "[c]onsidering [*solely*] . . .

---

[6] Although the Pickering and Coughlin Reports are not "medical reports" within the meaning of *Metro. Life*, we see no substantive difference between vocational analyses and medical analyses for the purpose of a conflict-of-interest analysis.

[7] The *Chambless* test consists of "five factors: (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action

7

the [*Chambless*] factors" constitutes an error of law. *Levitian I*, 2011 WL 565330, at *6 n.6. *See also Levitian II*, 2011 WL 1796317, at *1 (determining that *Hardt* "does not [affect] the applicability of the [*Chambless*] factors").

We therefore vacate the District Court's decision on attorney's fees and remand for a new determination of Levitian's entitlement to fees. On remand, regardless of the outcome of the attorney's fees issue, the District Court should explain in writing the basis for its decision as required by *Connors v. Connecticut General Life Insurance Co.*, 272 F.3d 127, 137 (2d Cir. 2001).

## CONCLUSION

Having conducted an independent review of the record, we agree with the District Court that Sun Life's reliance upon the Pickering Report indicates that its denial of benefits was not supported by substantial evidence. We further hold that the District Court erred as a matter of law by relying solely upon the abrogated *Chambless* test in denying Levitian attorney's fees. We therefore AFFIRM the February 9, 2011 judgment of the District Court as to the cross-motions for summary judgment on the substantive ERISA claim, VACATE that judgment with regard to attorney's fees, and REMAND the cause to the District Court to determine and explain, using the proper legal standard, whether attorney's fees are appropriate in this case.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

---

conferred a common benefit on a group of pension plan participants."