12-1209-cv
Carlson v. HSBC-N. Am. (US) Ret. Income Plan et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand thirteen.

PRESENT:

ROBERT A. KATZMANN,
                    *Chief Judge*,
DENNIS JACOBS,
DEBRA ANN LIVINGSTON,

                    *Circuit Judges*.

_____

MARY W. CARLSON, on her own behalf and on behalf of all others similarly situated,

                    *Plaintiff-Appellant*,

        -v-                                            No. 12-1209-cv

HSBC-NORTH AMERICA (US) RETIREMENT INCOME PLAN, and the HSBC-NORTH AMERICA HOLDINGS ADMINISTRATIVE COMMITTEE, as Plan Administrator,

*Defendants-Appellees.*

_____

EDGAR PAUK (Robert Bach, *on the brief*), Brooklyn, New York, *for Plaintiff-Appellant*.

GARY F. KOTASKA, Phillips Lytle LLP, Buffalo, New York, *for Defendants-Appellees*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the District Court is **AFFIRMED** in part and **VACATED** in part and that the case is **REMANDED** for further proceedings.

Plaintiff-Appellant Mary W. Carlson ("Carlson") appeals from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*), entered June 23, 2011, dismissing her putative class action complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted and denying her request for attorney's fees. Carlson also appeals from an order of the same court denying her motion for reconsideration. Carlson, a retired employee of Manhattan Savings Bank ("MSB") and a participant in the Manhattan Savings Bank Pension Plan, contends that Defendants-Appellees HSBC-North America (US) Retirement Income Plan (the "Plan") as the successor of the MSB Pension Plan, and the HSBC-North America Holdings Administrative Committee

(the "Committee," collectively "defendants") as Plan Administrator, violated the Employee Retirement Income Security Act of 1974 ("ERISA") by not paying her an implied reasonable rate of interest on delayed pension payments. Specifically, she argues that an implied reasonable interest rate is a benefit due under the terms of her pension plan, *see* ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and that Amendment Eight to the Plan, which provided back payments with interest based on the Short-Term U.S. Treasury Bill Rate, violates ERISA's anti-cut back and anti-forfeiture provisions, *see* 29 U.S.C. §§ 1053(a), 1054(g), because the interest rate it provides is lower than the reasonable interest rate Carlson alleges she was entitled to under the implied terms of her Plan pre-amendment.

We conclude that Carlson's claims for a higher interest rate on delayed payments are not moot, but that, assuming *arguendo* Carlson's requested relief is cognizable under ERISA § 502(a)(1)(B), the rate provided by defendants was reasonable and did not violate ERISA's anti-cutback and anti-forfeiture provisions. We therefore **AFFIRM** the district court's dismissal of her complaint for failure to state a claim. Because Carlson has achieved some success on the merits, however, we conclude she is statutorily eligible for an award of attorney's fees under 29 U.S.C. § 1132(g)(1). Accordingly, we **VACATE** the district court's denial of attorney's fees

3

and **REMAND** the case for the district court to consider in the first instance whether an award of attorney's fees is merited. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision.

                              *       *       *

1. *Mootness*

Carlson's first three claims allege that the defendants violated ERISA, as interpreted by this Court in *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 320 F.3d 151 (2d Cir. 2003), by not fully crediting Carlson's pre-ERISA, pre-break in service employment in accordance with the rule of parity when calculating her monthly pension. However, after Carlson filed her complaint, defendants adopted Amendment Eight, which applied the rule of parity in accordance with *McDonald* to Plan participants who incurred a forfeiture because of a pre-ERISA break in service. Because Amendment Eight provided for application of the rule of parity, applied a 100% benefit rate to pre-ERISA service, and provided interest on delayed payments, the district court reasoned that it could render no judgment with respect to the first three claims "that would have a practical effect on the legal rights of the parties" and therefore dismissed the claims as moot. *Carlson v. HSBC-N. Am.*

4

*Holdings Admin. Comm.*, No. CV-09-3131, 2011 WL 2516592, at *3 (E.D.N.Y. June 21, 2011). Carlson contends that her claims are not moot because she requested a higher interest rate, 9%, than that provided for by Amendment Eight. We agree.

In reviewing a district court's dismissal for lack of subject matter jurisdiction, we review legal conclusions *de novo* and factual findings for clear error. *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008). A claim becomes moot "when the parties have no legally cognizable interest or practical personal stake in the dispute and the court is therefore incapable of granting a judgment that will affect the legal rights as between the parties." *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 94 (2d Cir. 2007) (internal quotation marks and citation omitted). Because a court could enter a judgment – that Carlson is entitled to a higher interest rate – that would affect the parties' legal rights, the claims are not moot. *See id.*

2. *Entitlement to a higher rate of interest*

Carlson argues that: (1) because her pension plan provided that her payments would be made on a date certain, she is entitled to a reasonable rate of interest on her delayed payments as a benefit due to her under the terms of her plan and (2) Amendment Eight impermissibly reduced this accrued benefit by adopting an unreasonably low interest rate. Assuming *arguendo* that an implied reasonable

5

interest rate can constitute a benefit due under the plan's terms, ERISA does not state a particular rate of interest for delayed payments, and no specific implied or ideal rate can be divined from the statute. *See Novella v. Westchester Cnty.*, 661 F.3d 128, 150 & n.25 (2d Cir. 2011). Where the contract establishes no rate of interest, our Court has recognized that a district court may, in its discretion, impose a *reasonable* rate in deciding cases of late payment. *See Milgram v. Orthopedic Assocs. Defined Contribution Pension Plan*, 666 F.3d 68, 79 (2d Cir. 2011); *Novella*, 661 F.3d at 150; *Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 53-54 (2d Cir. 2009). Where, however, the plan administrator has the discretion to set a specific interest rate for delayed payments and does so, that rate is enforceable and reviewable for abuse of discretion. *Cf. Dobson v. Hartford Fin. Servs. Grp.*, 389 F.3d 386, 396 (2d Cir. 2004) ("[W]hether interest is due under the terms of a plan is determined by inspecting the terms of the particular plan."); *Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1508 (2d Cir. 1995) (vacating a district court's downward modification of a plan's interest rate set at two percent per month for delinquent contributions); *see also Operating Eng'rs Local 139 Health Benefit Fund v. Gustafson Constr. Corp.*, 258 F.3d 645, 653 (7th Cir. 2001).

Here, Amendment Eight of the Plan provided for payment of interest in accordance with the Short-Term U.S. Treasury Bill Rate. There is no indication in the complaint that the Short-Term U.S. Treasury Bill Rate, which translates to 3.39% interest compounded annually on Carlson's back payments, was unreasonable "in light of the interest rates in effect between 1992 and 2010." Compl. ¶ 16. Though Carlson contends that she is plausibly entitled to 9% interest because New York law provides that "[i]nterest shall be at the rate of nine per centum per annum, except where otherwise provided by statute," N.Y. C.P.L.R. § 5004, the 9% rate is not binding on federal courts considering federal claims, *cf. Thomas v. iStar Fin., Inc.*, 629 F.3d 276, 280 (2d Cir. 2010).

Carlson's fifth and sixth claims seek a higher interest rate on the theory that Amendment Eight's interest provision impermissibly reduces Carlson's accrued benefits in violation of ERISA § 204(g), an anti-cutback provision, and ERISA § 203(a), an anti-forfeiture provision. ERISA § 204(g) provides that "[t]he accrued benefit of a participant under a plan may not be decreased by an amendment of the plan," except for limited exceptions not applicable here. 29 U.S.C. § 1054(g)(1). Similarly, ERISA § 203(a) provides that "[e]ach pension plan shall provide that an employee's right to his normal retirement benefit is nonforfeitable upon the

7

attainment of normal retirement age." 29 U.S.C. §1053(a). A defined benefit plan satisfies ERISA § 203(a) if an employee has a nonforfeitable right both to his accrued benefit derived from his own contributions and to a percentage, based on his years of service, of his accrued benefit derived from employer contributions. *Id*. Assuming *arguendo* that an implied reasonable interest rate qualifies as an accrued benefit protected by these provisions, Amendment Eight provided for interest on delayed payments at a 100% benefit rate, it was reasonable, and it did not reduce accrued benefits in violation of ERISA's anti-cutback and anti-forfeiture provisions. We agree with the district court that these claims fail.

3. *Attorney's Fees*

Carlson also appeals the district court's *sua sponte* denial of attorney's fees. She asserts that she is entitled to attorney's fees both under the common fund doctrine, on the theory that the litigation produced a common fund for the benefit of the class members on whose behalf she brought the claim, *see Savoie v. Merchants Bank*, 84 F.3d 52, 56 (2d Cir. 1996), and pursuant to ERISA's fee-shifting provision, 29 U.S.C. § 1132(g)(1). While Carlson is not entitled to recover fees under the common fund doctrine, she is eligible for an award of attorney's fees under 29 U.S.C. § 1132(g)(1).

a. *Common Fund Doctrine*

The standard for recovering fees under the common fund doctrine is well-established: "A party recovering a fund for the benefit of others, in addition to himself, may recover his costs, including his attorney's fees, from the fund itself or directly from the other parties enjoying the benefit." *Savoie*, 84 F.3d at 56. To recover fees, a party need not have won the lawsuit; but if the dispute has become moot, the district court "must determine whether [the] plaintiff's suit was a substantial cause of the benefit obtained." *Id.* at 56-57. However, parties cannot recover attorney's fees pursuant to the common fund doctrine from vested, but undistributed, ERISA benefits. *Kickham Hanley P.C. v. Kodak Ret. Income Plan*, 558 F.3d 204, 209-10 (2d Cir. 2009). Under ERISA, "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). The anti-alienation provision "reflects a considered congressional policy choice, a decision to safeguard a stream of income for pensioners . . . even if that decision prevents others from securing relief for the wrongs done them." *Kickham Hanley*, 558 F.3d at 211 (alteration in original) (quoting *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 376 (1990)). While the statute does not bar collecting attorney's fees from funds created by the settlement of contested pension claims that plan

participants may secure only by releasing potential claims, it does bar garnishing plan participants' pension entitlements. *Id*. at 213-14.

Here, Carlson seeks to recover attorney's fees from the money the Plan has pledged to pay to the members of the proposed class. But the plan participants are entitled to these payments under the terms of the Plan and are not required to release any potential claims to receive the funds. "That [Carlson] allegedly helped bring about [defendants'] recognition that plan participants were entitled to their pension benefits does not alter the conclusion that these are pension entitlements" protected by ERISA's anti-alienation provision. *See id.* at 214. Because the funds are pension entitlements, no common fund was created, and the claim for fees fails as a matter of law, at least under the common fund theory.

b. *29 U.S.C. § 1132(g)(1)*

Carlson also claims she is entitled to attorney's fees under ERISA's fee-shifting provision, 29 U.S.C. § 1132(g)(1). Because the district court erred in concluding that Carlson had not achieved some degree of success on the merits, we vacate and remand that portion of the district court's decision.

ERISA's fee-shifting provision provides that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion

10

may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). By its terms, the statute grants district courts discretion to award fees to either party and does not limit awards only to prevailing parties. *See Hardt v. Reliance Standard Life Ins. Co*, 130 S. Ct. 2149, 2156 (2010). Rather, "a fees claimant must show 'some degree of success on the merits' before a court may award attorney fees under § 1132(g)(1)." *Id*. If a district court finds that a claimant has demonstrated some degree of success on the merits, it is not required to award fees simply because this pre-condition is met. *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 110 (2d Cir. 2011) (per curiam). Moreover, in deciding whether to award fees, a district court may, but is not required to, channel its discretion through the set of factors laid out in *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869 (2d Cir. 1987). *See Toussaint*, 648 F.3d at 110; *see also Hardt*, 130 S. Ct. at 2158 & n.8.

Here, the district court stated in a footnote that "[s]ince plaintiff's amended complaint is dismissed in its entirety, plaintiff is not entitled to any costs and attorney's fees." *Carlson*, 2011 WL 2516592, at *3 n.5. In her motion for reconsideration, Carlson argued that, notwithstanding the dismissal of her complaint, she could still recover attorney's fees because, pursuant to the Supreme Court's analysis in *Hardt*, 29 U.S.C. § 1132(g)(1) does not limit awards to prevailing

parties. The district court responded without additional explanation: "[T]here being no judicial determination that plaintiff's claims had 'some degree of success on the merits,' this Court did not overlook *Hardt* . . . in exercising its discretion under 29 U.S.C. § 1132(g)(1) to deny plaintiff's claim for costs and attorney's fees." Order Denying Motion for Reconsideration, *Carlson v. HSBC-N. Am. Holdings Admin. Comm.*, No. CV-09-3131, 2012 WL 959417, at *2 (E.D.N.Y. Mar. 20, 2012).

Carlson's lawsuit prompted defendants to modify how the Plan credited pre-ERISA breaks in service – a change which provided Carlson most of the benefits she sought. Prior to the lawsuit, the Committee refused to credit Carlson's first 5.3 years of service fully and refused to be bound by *McDonald.* Only after Carlson filed her present suit, and only after the defendants answered the complaint, did the defendants finally concede that *McDonald* applies. And only after Carlson rejected an offer to settle her individual claims did Amendment Eight pass, crediting Carlson's pre-ERISA, pre-break in service employment at a 100% accrual rate. *See Carlson*, 2011 WL 2516592, at *3 (noting that "Amendment Eight provides complete relief to both plaintiff and the putative class by entitling them to the benefits, including interest, they would have accrued had the pre-amendment Plan operated in compliance with the 'rule of parity,' the Plan and ERISA"). Though Carlson did

not obtain her desired interest rate, her success in pushing defendants to comply with the rule of parity was hardly "trivial" or a "purely procedural victory." *Hardt*, 130 S. Ct. at 2158 (internal brackets omitted). Thus, Carlson achieved, at a minimum, some success on the merits and is eligible for an award of attorney's fees under 29 U.S.C § 1132(g)(1).

That this success came as a result of Amendment Eight and not as a result of a judicial order does not affect the analysis. Though the district court in *Hardt* ordered defendants to review petitioner's claim, nothing in *Hardt* indicates that a formal court order is required, provided that the fee claimant otherwise achieves the requisite level of success. Likewise nothing in *Hardt* indicates that the result there would have been any different if the defendant had voluntarily reviewed and paid the claim in order to moot the lawsuit without an order from the court.

Though we conclude that Carlson is thus *eligible* for attorney's fees under 29 U.S.C. § 1132(g)(1), we take no position on whether an award is merited here. That decision is committed to the discretion of the district court, and it is for the district court to consider the question in the first instance and "articulate reasons for its decision to grant or deny fees." *Connors v. Conn. Gen. Life Ins. Co.*, 272 F.3d 127, 137 (2d Cir. 2001).

All arguments not otherwise discussed in this summary order are found to be moot or without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED** for further proceedings..

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk