Scarangella v. Group Health, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY THE FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand seventeen.

PRESENT:
        PETER W. HALL,
        CHRISTOPHER F. DRONEY,
                Circuit Judges,
        JANE A. RESTANI,
                Judge.[*]

---

NICHOLAS SCARANGELLA,

        Plaintiff - Counter-Defendant,

        v.                                No. 16-568

GROUP HEALTH, INC.,

        Defendant - Counter-Claimant - Appellee,

        v.

---

[*]  Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

SCARANGELLA & SONS, INC., as Administrator of the Village
Fuel Employee Benefits Plan, DBA Village Fuel,

<u>Defendant - Cross-Claimant - Appellant</u>.

_____

**FOR DEFENDANT - CROSS-CLAIMANT - APPELLANT:** RICHARD J. QUADRINO, HAROLD J. LEVY, Quadrino Law Group, P.C., Melville, New York.

**FOR DEFENDANT - COUNTER-CLAIMANT - APPELLEE:** MICHAEL H. BERNSTEIN, JOHN T. SEYBERT, Sedgwick LLP, New York, New York.

   Appeal from an opinion and order of the United States District Court for the Southern District of New York (Sullivan, <u>J.</u>).

   **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 11, 2016, opinion and order of the district court is **AFFIRMED**.

   Defendant - Cross-Claimant - Appellant Scarangella & Sons, Inc., as Administrator of the Village Fuel Employee Benefits Plan d/b/a Village Fuel ("Village Fuel") appeals the district court's denial of Village Fuel's request for attorney's fees incurred during litigation with Defendant - Counter-Claimant - Appellee Group Health, Inc. ("GHI"). This case arose out of a dispute over whether Plaintiff - Counter-Defendant Nicholas Scarangella ("Scarangella") and his wife were eligible for coverage by GHI under the Village Fuel Employee Benefits Plan ("the Plan"). GHI retroactively terminated health insurance coverage for Village Fuel's employees after determining that Village Fuel falsely represented Scarangella's eligibility for coverage as a full-time employee, then commenced an action against Village Fuel seeking equitable rescission of the Plan. Scarangella subsequently filed suit against GHI and Village Fuel to recover denied

2

ERISA medical benefits.  GHI dismissed its original claim, instead making counterclaims and crossclaims against Scarangella and Village Fuel respectively for equitable rescission, equitable restitution, and equitable reformation.  Village Fuel counterclaimed against GHI for equitable restitution.  The district court then granted summary judgment denying GHI's and Village Fuel's claims for restitution.  Scarangella subsequently settled with GHI and withdrew his claim against Village Fuel, while GHI voluntarily dismissed its remaining crossclaims against Village Fuel.

Village Fuel then moved for attorney's fees from GHI pursuant to 29 U.S.C. § 1132(g)(1).  The district court held that Village Fuel did not obtain "some degree of success on the merits" under Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 255 (2010) for either Village Fuel's dismissal of GHI's restitution claim at summary judgment or GHI's voluntary dismissal of its rescission and reformation claims, and denied the request for attorney's fees.  On appeal, we vacated the court's opinion and order because Village Fuel's summary judgment victory against GHI's restitution claim constituted "some degree of success on the merits." Scarangella v. Grp. Health, Inc., 731 F.3d 146, 153–54 (2d Cir. 2013).  We remanded for the district court to determine:  (1) whether Village Fuel had also obtained "some degree of success on the merits" on GHI's rescission and reformation claims; (2) whether attorney's fees are appropriate based on the type of factors set forth in Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987); and (3) if so, what amount of attorney's fees are "reasonable."  Scarangella, 731 F.3d at 155–56.  On remand, the district court found that Village Fuel had obtained "some degree of success on the merits" on GHI's rescission and reformation claims, in addition to the restitution claim, as we determined previously.  Scarangella v. Grp. Health, Inc., No. 05-cv-5298 (RJS), 2016 WL 825530, at *3–4 (S.D.N.Y. Feb. 11, 2016).  The

3

court denied attorney's fees, however, concluding that an award of attorney's fees was not appropriate based on the facts of the case. Id. at *7.

On appeal, Village Fuel argues that the district court abused its discretion by relying solely on the Chambless factors to deny an award of attorney's fees. Village Fuel also contends that every Chambless factor supports the appropriateness of an award.

We review the district court's decision to deny attorney's fees for abuse of discretion. Slupinski v. First Unum Life Ins. Co., 554 F.3d 38, 47 (2d Cir. 2009). Under Hardt, "the proper standard for determining whether a fee claimant is eligible for § 1132(g)(1) fees is whether the claimant has achieved 'some degree of success on the merits,' not whether the claimant was a 'prevailing party.'" Toussaint v. JJ Weiser, Inc., 648 F.3d 108, 110 (2d Cir. 2011) (quoting Hardt, 560 U.S. at 253, 255). "After Hardt, whether a plaintiff has obtained some degree of success on the merits is the sole factor that a court must consider in exercising its discretion." Donachie v. Liberty Life Assurance Co. of Bos., 745 F.3d 41, 46 (2d Cir. 2014). Hardt, however, did "not foreclose the possibility that once a claimant has satisfied this requirement, and thus becomes eligible for a fees award under § 1132(g)(1), a court may consider the five factors" outlined in Chambless. See Hardt, 560 U.S. at 255 n.8; see also Donachie, 745 F.3d at 46; Toussaint, 648 F.3d at 110. The Chambless factors are: "(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants." 815 F.2d at 871; accord Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1029 (4th Cir. 1993).

4

First, the district court properly considered whether Village Fuel obtained "some degree of success on the merits" before determining whether attorney's fees are appropriate in this case. See Hardt, 560 U.S. at 255 n.8 ("<u>once</u> a claimant has satisfied the ['some degree of success on the merits' test] . . . a court may consider the five factors") (emphasis added). Levitian v. Sun Life and Health Insurance Co. (U.S.), 486 F. App'x 136, 141 (2d Cir. 2012) (summary order), relied on by appellant, in which we vacated and remanded the district court's denial of attorney's fees because the district court had "relied solely upon the five-factor Chambless test," is not to the contrary. The district court in Levitian began its analysis with the Chambless test, without first deciding whether the claimant had obtained "some degree of success on the merits" under Hardt. See Levitian v. Sun Life and Health Ins. Co. (U.S.), No. 09 Civ. 2965(GBD), 2011 WL 565330, at *6 n.6 (S.D.N.Y. Feb. 9, 2011). Here, however, the district court determined eligibility for attorney's fees under Hardt before turning to a multi-factor analysis.

Second, after a thorough review of the record, we conclude that the district court did not abuse its discretion in determining that attorney's fees are not warranted in this case. The district court could reasonably conclude that the relative merits factor and the culpability or bad faith factor did not weigh in favor of Village Fuel because issues of material fact remained undecided. Also, the court did not err in concluding that deterrence of unjustified denial of coverage would not result, given the indications of potential fraud by Village Fuel, nor in finding the common benefit factor was not met. In sum, the district court's denial of attorney's fees was not an abuse of discretion.

5

**CONCLUSION**

We have considered the remainder of Village Fuel's arguments on appeal and find them to be without merit.  Accordingly, the opinion and order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk