12-2996-cv (L)
*Donachie v. Liberty Mutual Ins. Co. et al.*

# In the

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM 2013

Nos. 12-2996-cv (Lead), 12-3031 (XAP)

JOHN J. DONACHIE,

*Plaintiff-Appellee–Cross-Appellant,*

*v.*

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

*Defendant-Appellant–Cross-Appellee,*

LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL
HOLDING COMPANY, INC.,

*Defendants.*[*]

————

Appeal from the United States District Court
for the Eastern District of New York.
No. 4 CV 2857 (RRM) — Roslynn R. Mauskopf, *Judge.*

————

ARGUED: JANUARY 29, 2014
DECIDED: MARCH 11, 2014

————

---

[*] The Clerk of Court is directed to amend the caption to conform to the listing of the parties shown above.

Before: CABRANES, CARNEY, and DRONEY, *Circuit Judges.*

————

In this appeal, we write primarily to clarify the scope of a district court's discretion in deciding whether to award attorneys' fees to a prevailing plaintiff under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and the proper standard to be applied in exercising that discretion. We consider whether the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*) (1) erred by *sua sponte* entering summary judgment for plaintiff on his claim for long term disability benefits pursuant to ERISA; or (2) "abused its discretion" by denying prevailing plaintiff's request for attorneys' fees, based on the conclusion that defendant did not act in bad faith.

We conclude that the District Court properly entered summary judgment for plaintiff on his claim for disability benefits, but that it erred in denying his request for attorneys' fees, inasmuch as it failed to identify a "particular justification" for not awarding such fees. Accordingly, we **AFFIRM** the judgment of the District Court insofar as it entered summary judgment for plaintiff on his claim for long term disability benefits, **VACATE** the judgment insofar as it denied plaintiff's request for attorneys' fees, and **REMAND** the cause with instructions that the District Court award plaintiff reasonable attorneys' fees, to be determined on remand.

————

MICHAEL F. MONGELLI II, Michael F. Mongelli II, P.C., Flushing, NY, *for Plaintiff.*

MICHAEL J. ZARETSKY, Chorpenning, Good, Carlet & Garrison, New York, NY, *for Defendant.*

————

JOSÉ A. CABRANES, *Circuit Judge*:

In this appeal, we write primarily to clarify the scope of a district court's discretion in deciding whether to award attorneys' fees to a prevailing plaintiff under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and the proper standard to be applied in exercising that discretion. We consider whether the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*) (1) erred by *sua sponte* entering summary judgment for plaintiff on his claim for long term disability benefits pursuant to ERISA; or (2) "abused its discretion" by denying prevailing plaintiff's request for attorneys' fees, based on the conclusion that defendant did not act in bad faith.

We conclude that the District Court properly entered summary judgment for plaintiff on his claim for disability benefits, but that it erred in denying his request for attorneys' fees, inasmuch as it failed to identify a "particular justification" for not awarding such fees. Accordingly, we **AFFIRM** the judgment of the District Court insofar as it entered summary judgment for plaintiff on his claim for long term disability benefits, **VACATE** the judgment insofar as it denied plaintiff's request for attorneys' fees, and **REMAND** the cause with instructions that the District Court award plaintiff reasonable attorneys' fees, to be determined on remand.

**BACKGROUND**

In December 2001, while employed at FleetBoston Financial Corporation ("Fleet"), plaintiff John J. Donachie ("Donachie") underwent surgery to replace his aortic valve. An unanticipated side effect of the surgery was that he could feel and hear the compressions of the prosthetic valve with each beat of his heart. Indeed, the sounds were audible to persons sitting in the same room with Donachie.

Donachie's treating cardiologist, Stephen J. Gulotta, M.D. ("Dr. Gulotta"), opined that the surgery had been a success, but that the noise from the prosthetic valve caused Donachie "a great deal of anxiety," resulting in physical and mental exhaustion from lack of sleep, and rendering him unable to perform his current job. Donachie's treating psychiatrist, Robert Gordon, M.D. ("Dr. Gordon"), whom he saw in connection with the side effects of the valve replacement, stated that the audible clicking added significantly to the anxiety Donachie experienced in his employment and ultimately diagnosed Donachie with "major depression."

On June 19, 2003, after attempting to return to his regular work schedule, Donachie submitted a claim for disability benefits to Liberty Life Assurance Company of Boston ("Liberty") —administrator of Fleet's long-term disability ("LTD") plan.[1] In

---

[1] In July 2003, Liberty approved Donachie's request for short-term disability benefits, which were administered by Liberty but paid by Fleet. Donachie continued to receive these benefits until at least December 2003, when his claim for long-term disability benefits was denied.

evaluating Donachie's claim for LTD benefits, Liberty requested medical records and information about Donachie's physical condition, and arranged for an independent medical examination by cardiologist George Brief, M.D. ("Dr. Brief"). Dr. Brief concluded that, from a cardiology standpoint, the valve replacement had been a success, and that, physically, Donachie could return to work. He noted, however, that Donachie's present complaints "should be evaluated by an expert in the field of psychology." Upon review of Dr. Brief's report, Dr. Gulotta clarified that the source of Donachie's current disability was not primarily physical, and that Donachie was "psychologically crippled." Dr. Gulotta echoed Dr. Brief's recommendation that Donachie be evaluated by one of Liberty's psychologists or psychiatrists.

In response to these recommendations, Liberty engaged its own consulting psychiatrist, Andrew O. Brown, M.D. ("Dr. Brown"), to review Donachie's claim. Dr. Brown reviewed Donachie's medical file and Dr. Gordon's records, but he never spoke directly with either individual. On December 22, 2003, on the basis of Dr. Brown's recommendation, Liberty denied Donachie's claim for LTD benefits.

After exhausting the internal appeals process, Donachie appealed the denial of his claim for LTD benefits to the District Court in a Complaint filed on July 8, 2004. Liberty moved for summary judgment. In a March 10, 2009 Report and Recommendation ("R&R"), Magistrate Judge Arlene Rosario Lindsay recommended denying Liberty's motion, and granting

summary judgment *sua sponte* for Donachie on his request for LTD benefits. On June 27, 2012, approximately nine years after Donachie first requested benefits, the District Court adopted the R&R, and entered summary judgment for Donachie,[2] but denied Donachie's request for attorneys' fees. This timely appeal followed.

## DISCUSSION

### A. Denial of LTD Benefits

Judge Mauskopf reviewed the R&R *de novo* and adopted its disposition, denying Liberty's motion for summary judgment and *sua sponte* granting summary judgment for Donachie,[3] on the basis that the denial of LTD benefits had been arbitrary and capricious.[4] We review the District Court's order entering summary judgment *de novo. Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir. 1995); *cf. Celardo v. GNY Auto. Dealers Health & Welfare Trust*, 318 F.3d 142, 145 (2d Cir. 2003) ("[D]etermination that the Trustees' decision was

---

[2] The District Court awarded plaintiff "own occupation" LTD benefits, but held that "it would be premature to grant plaintiff the 'any occupation' benefits," and remanded to Liberty to determine eligibility for these additional benefits. The parties do not address on appeal the additional LTD benefits requested.

[3] A *sua sponte* grant of summary judgment against the moving party is permissible only if "the facts before the district court were fully developed so that the moving party suffered no procedural prejudice" and "[the] court is absolutely sure that no issue of material fact exists." *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 139 (2d Cir. 2000) (internal quotation marks omitted). Liberty does not contend that it was denied the opportunity to place all relevant evidence in the record. Accordingly, the District Court's grant of summary judgment was not procedurally deficient.

[4] In an ERISA action, the discretionary decision by an ERISA-plan administrator to deny benefits is subject to arbitrary and capricious review. *Durakovic v. Bldg. Serv. 32 BJ Pension Fund*, 609 F.3d 133, 137 (2d Cir. 2010).

arbitrary and capricious is a legal conclusion, . . . review[ed] . . . *de novo*.").

Upon review of the record, we conclude that Liberty's denial of LTD benefits was indeed arbitrary and capricious, substantially for the reasons stated in the R&R and in the District Court's opinion—namely, that Liberty ignored substantial evidence from Donachie's treating physicians that he was incapable of performing his current occupation, while failing to offer any reliable evidence to the contrary.[5] *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003) (holding that plan administrators may "credit reliable evidence that conflicts with a treating physician's evaluation," but "may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician."). Accordingly, we affirm the District Court's judgment insofar as it entered summary judgment for Donachie on his ERISA claim for LTD benefits.

## B. Denial of Attorneys' Fees

The District Court awarded Donachie prejudgment interest, but denied his request for attorneys' fees on the basis that he had "failed to show any bad faith by Liberty's administrator in making its LTD benefits determination." *Donachie v. Liberty Life Assurance Co.*

---

[5] "Liberty failed to order anything more than a consultative review [by an in-house psychiatrist] of plaintiff's records, despite the advice of . . . plaintiff's treating cardiologist, and . . . the independent medical examiner," that Donachie be *evaluated* by an expert in psychology. Special App'x 3-4. The in-house psychiatrist never met with Donachie or his treating psychiatrist or social worker.

*of Boston*, No. 4 cv 2857 (RRM) (ARL), 2012 WL 2394829, at *4 (E.D.N.Y. June 25, 2012).

We review a district court's denial of an application for attorneys' fees under ERISA for "abuse of discretion." *Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 47 (2d Cir. 2009). A court abuses its discretion when its decision "[(1)] rests on an error of law . . . or a clearly erroneous factual finding, or (2) . . . [otherwise] cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted).

ERISA's fee shifting statute provides that "the court in its discretion may allow a reasonable attorney's fee and costs . . . to either party." 29 U.S.C. § 1132(g)(1). It is well-established that "Congress intended the fee provisions of ERISA to encourage beneficiaries to enforce their statutory rights." *Slupinski*, 554 F.3d at 47; *see also Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 298 (2d Cir. 2004) ("'ERISA's attorney's fee provisions must be liberally construed to protect the statutory purpose of vindicating retirement rights." (quoting *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 872 (2d Cir. 1987)).

The Supreme Court has nonetheless cautioned that a district court's discretion to award attorneys' fees under ERISA "is not unlimited," inasmuch as it may only award attorneys' fees to a beneficiary who has obtained "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254-55 (2010) ("[T]he proper marker[ ] to guide a court in exercising the

discretion that § 1132(g)(1) grants" is whether "a fees claimant [has] show[n] 'some degree of success on the merits'" (*quoting Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)) (other quotation marks omitted).

After *Hardt*, whether a plaintiff has obtained some degree of success on the merits is the sole factor that a court *must* consider in exercising its discretion. *See id.* at 255 (the traditional five-factor test is "not required for channeling a court's discretion when awarding fees under [§ 1132(g)(1)]"). Although a court *may*, without further inquiry, award attorneys' fees to a plaintiff who has had "some degree of success on the merits," *Hardt* also made clear that courts retain discretion to "consider[ ] five [additional] factors . . . in deciding whether to award attorney's fees." *Id.* at 255 n.8; *accord Scarangella v. Grp. Health, Inc.*, 731 F.3d 146, 152 (2d Cir. 2013) ("*Hardt* also permitted the use of the five-factor tests adopted by most Circuit[s] . . . to channel discretion in awarding reasonable fees to eligible parties, but held that courts were not required to use them."). Those five factors, known in this Circuit as the "*Chambless* factors" are:

> (1) the degree of opposing parties' culpability or bad faith; (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to

resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Hardt*, 560 U.S. at 249 n.1 (internal quotation marks omitted); *see also Chambless*, 815 F.2d at 871 (identifying same five factors).[6]

*Hardt* does not, in our view, give district courts choosing to look beyond "success on the merits" unbridled discretion in considering whether to award fees to a successful party. Rather, it says that courts, under those circumstances, may apply the *Chambless* framework, or its equivalent in other circuits. *Accord Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 110 (2d Cir. 2011) ("A court may apply—but is not required to apply—the *Chambless* factors in 'channeling [its] discretion when awarding fees' under § 1132(g)(1). So long as a party has achieved 'some degree of success on the merits,' a court in its discretion may allow a reasonable attorney's fee. . . .") (quoting *Hardt*, other quotation marks omitted).

In other words, if a court chooses to consider factors other than a plaintiff's "success on the merits" in assessing a request for attorneys' fees, *Chambless* still provides the relevant framework in this Circuit, and courts must deploy that useful framework in a manner consistent with our case law. A court cannot selectively consider some factors while ignoring others.

---

[6] Because *Hardt* was an appeal from a Fourth Circuit case, the Supreme Court invoked the Fourth Circuit's incarnation of the five-factor test, which is substantively the same as the *Chambless* test.

In this case, there is no question that Donachie, as the prevailing party, was eligible for an award of attorneys' fees. Indeed, in light of the ERISA fee provision's "statutory purpose of vindicating retirement rights," *Locher*, 389 F.3d at 298, granting a prevailing plaintiff's request for fees is appropriate absent "some particular justification for not doing so." *Birmingham v. SoGen-Swiss Int'l Corp. Ret. Plan*, 718 F.2d 515, 523 (2d Cir. 1983).

Although the District Court had discretion to consider whether the *Chambless* factors provided a particular justification for denying Donachie attorneys' fees, it misapplied that framework. It originally denied attorneys' fees on the sole basis that Liberty had not acted in bad faith. But we have explained that "a party need not prove that the offending party acted in bad faith" in order to be entitled to attorneys' fees. *See Slupinski*, 554 F.3d at 48. Moreover, the concepts of "bad faith" and "culpability" are distinct, and either one may satisfy the first *Chambless* factor. *See id.* The District Court did not consider culpability, which we have found in circumstances analogous to those at issue here. *See, e.g.*, *Locher*, 389 F.3d at 298-99 (finding that although ERISA administrator did not act in bad faith, it was "culpable" because, *inter alia*, on-site physicians summarily rejected proffered medical evaluations and applied general assumptions about human behavior).

The District Court also did not address the "relative merits," which, in view of its decision to grant summary judgment *sua sponte*, favor Donachie. We have explained that "while the degree of culpability and the relative merits 'are not dispositive under the

*Chambless* five-factor test,' they do 'weigh heavily.'" *Slupinski*, 554 F.3d at 48 (quoting *Anita Founds., Inc. v. ILGWU Nat'l Ret. Fund*, 902 F.2d 185, 189 (2d Cir. 1990) (alterations omitted)). By inadequately addressing these two important factors and, instead, treating the absence of bad faith as the most salient factor, the District Court committed an error of law, and, therefore, "abused its discretion."

Our own review of the record reveals no "particular justification" for denying Donachie's request for attorneys' fees, and we are persuaded that awarding attorneys' fees in the circumstances presented furthers the policy interest in vindicating the rights secured by ERISA. Accordingly, we vacate the judgment insofar as it denied Donachie an award of attorneys' fees, and remand the cause to the District Court with directions to award Donachie reasonable attorneys' fees to be calculated on remand.

## CONCLUSION

To summarize:

(1) The District Court did not err in *sua sponte* entering summary judgment for Donachie on his claim for LTD benefits.

(2) Courts retain discretion to consider the *Chambless* factors, in determining whether to grant an eligible plaintiff's request for attorneys' fees, but must do so in a manner consistent with our case law, and cannot selectively consider some factors while ignoring others.

(3) The District Court misapplied the *Chambless* framework, and therefore erred, in denying fees to a prevailing plaintiff based primarily on the conclusion that Liberty had not acted in bad faith.

(4) The record reveals no particular justification for denying Donachie attorneys' fees, and awarding fees in the circumstances presented here furthers the policy interest in vindicating the rights secured by ERISA.

For the reasons set forth above, the judgment is **AFFIRMED** insofar as the District Court granted summary judgment for Donachie on his claim for LTD benefits, **VACATED** insofar as the District Court denied Donachie's request for attorneys' fees, and the cause is **REMANDED** with instructions that the District Court award plaintiff reasonable attorneys' fees to be calculated on remand.