Tedesco v. I.B.E.W. Local 1249 Insurance Fund, et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand sixteen.

PRESENT: DENNIS JACOBS,
        ROSEMARY S. POOLER,
        PETER W. HALL,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - -X

WENDY A. TEDESCO,
        Plaintiff-Counter-Defendant
        -Appellant,

        -v.-                      16-712

I.B.E.W. LOCAL 1249 INSURANCE FUND; JAMES C. ATKINS, WILLIAM BOIRE, CHARLES BRIGHAM, MICHAEL GILCHRIST, SCOTT LAMONT, and EDWIN MOREIRA, JR., as Trustees of the Fund; and DANIEL R. DAFOE, as Administrator of the Fund,
        Defendants-Counter-Claimants-
        Appellees.[1]

- - - - - - - - - - - - - - - - - - - - - - -X

---

[1] The Clerk of Court is respectfully directed to amend the caption of the case to appear as above.

**FOR APPELLANT:**                    ERIC S. WEINSTEIN, Ellenoff
                                      Grossman & Schole LLP, New
                                      York, NY.

**FOR APPELLEES:**                    JULES L. SMITH, Blitman & King
                                      LLP, Rochester, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED** in part and **REMANDED.**

Plaintiff Wendy Tedesco appeals from the district court's grant of summary judgment in favor of defendants -- I.B.E.W. Local 1249 Insurance Fund and its Trustees and Administrator -- on claims that they violated ERISA by denying benefits under the I.B.E.W. Local 1249 Insurance Fund Plan (the "Plan") and by seeking the recovery of alleged overpayments.[2] We review de novo "a district court's decision granting summary judgment in an ERISA action based on the administrative record" and we "apply the same legal standard as the district court." McCauley v. First Unum Life Ins. Co., 551 F.3d 126, 130 (2d Cir. 2008). "Summary judgment is appropriate . . . where the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Id. (internal quotation marks omitted). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1.  Tedesco's denial-of-benefits claim was dismissed on the ground that defendants' adverse benefit decision was not

---

[2] Tedesco lodged additional claims for violations of ERISA and the Mental Health Parity and Addiction Equity Act of 2008. Tedesco does not appeal the district court's grant of summary judgment to defendants on these claims. Nor does she appeal the district court's grant of summary judgment to defendants on their counterclaim -- which they later voluntarily dismissed -- seeking to recover benefit overpayments (App'x at 185-86).

"arbitrary and capricious."  Based on prevailing Second Circuit case law, the district court and the parties assumed that that was the applicable standard because the Plan conferred upon defendants the authority to determine benefit eligibility. See, e.g., Hobson v. Metro. Life Ins. Co., 574 F.3d 75, 82 (2d Cir. 2009) ("Although generally an administrator's decision to deny benefits is reviewed de novo, where, as here, written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion unless it is arbitrary and capricious." (internal quotation marks omitted)).  However, after the district court issued its opinion and while this appeal was pending, this Court held in Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ., 819 F.3d 42 (2d Cir. 2016), that "a plan's failure to comply with the Department of Labor's claims-procedure regulation, 29 C.F.R. § 2560.503-1, will result in that claim being reviewed de novo in federal court, unless the plan . . . can show that its failure to comply with the claims-procedure regulation in the processing of a particular claim was inadvertent and harmless."[3]  819 F.3d at 58 (emphasis in original).

On appeal, Tedesco alleges that the adverse benefit notifications she received on October 16, 2013 and January 14, 2014 omitted information that was required by 29 C.F.R. § 2560.503-1(g).  She is correct insofar as these notifications -- which stated that visits with her social worker and more than twice-weekly visits with her psychiatrist were not "medically necessary" -- failed to provide "either an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances, or a statement that such explanation will be provided free of charge upon request."  29 C.F.R. § 2560.503-1(g)(1)(v)(B).

We remand so that the district court may consider in the first instance whether, under Halo, these procedural deficiencies warrant de novo review of Tedesco's

---

[3] Under ERISA, Congress empowered the Department of Labor to issue rules and regulations governing claims procedures for employee benefit plans.  Halo, 819 F.3d at 45.

denial-of-benefits claim, and, if so, whether the claim should still be dismissed.

We are mindful that, although Tedesco raised this procedural non-compliance issue in her first amended complaint (the "complaint") (ECF No. 9 ¶¶ 13, 14, 33, 35), she did not do so in her motion for summary judgment papers. In general, "a federal appellate court does not consider an issue not passed upon below." Singleton v. Wulff, 428 U.S. 106, 120 (1976). "That rule, however, is one of prudence and not appellate jurisdiction. We retain broad discretion to consider issues not raised initially in the District Court." Lo Duca v. United States, 93 F.3d 1100, 1104 (2d Cir. 1996). In light of the interests at stake, the recent development of the law, and the lack of manifest injustice to the defendants, we exercise our discretion to consider Tedesco's argument regarding 29 C.F.R. § 2560.503-1(g) and remand for further proceedings. At the same time, we express no view of the merits; the district court is free to proceed in whatever manner it deems best on remand.

**2.** The overpayment claim was dismissed on the ground that Tedesco failed to exhaust her administrative remedies. She contends on appeal that her administrative remedies should be deemed exhausted because the overpayment notifications she received in March 2014 did not comply with 29 C.F.R. § 2560.503-1. See 29 C.F.R. § 2560.503-1(l) ("In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan[.]"); Halo, 819 F.3d at 56 (explaining that a plan is not entitled to the protections of the exhaustion requirement if the plan does not strictly comply with 29 C.F.R. § 2560.503-1). Although this argument was not pressed below, the overpayment notifications were procedurally deficient.[4] Specifically, they neglected to include the required "description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a)

---

[4] Tedesco alleged in her complaint that the notifications were procedural deficient (ECF No. 9 ¶¶ 38, 39, 91), but she did not raise this argument in her motion for summary judgment.

4

of the Act following an adverse benefit determination on review."  29 C.F.R. § 2560.503-1(g)(1)(iv).

Even if Tedesco's overpayment claim is deemed exhausted, however, it nonetheless fails on the merits.  The Plan provides that if a member's spouse declines health insurance coverage from her employer, as Tedesco did, the Plan treats the spouse as if she were covered, and provides her with secondary coverage only.  Specifically, the Summary Plan Description states:

> [W]here a spouse makes a **voluntary election out of their employer's Group Plan**, this Plan will treat the spouse **as if they were covered** by their employer's Plan.  As a result, there will be subtracted, from what this Insurance Fund would have paid on a spouse's or dependent's claim, any amount that would have been paid by the spouse's employer's Plan if they had not elected to not be covered.

App'x at 120 (bold in original).  The Summary Plan Description provides for the recovery of such overpayments:

> [T]he Trustees have the right to recover any overpayment or mistaken payment made to you or to a third party.  The claimant, third party, or other individual or entity, receiving the overpayment or mistaken payment must pay back the overpayment or mistaken payment to the Fund with interest at 2% per month.  Such a recovery may be made by reducing other benefit payments made to or on behalf of the claimant (you) or your spouse or dependents, by commencing a legal action or by such other methods as the Trustees, in their discretion, determine to be appropriate.

App'x at 126.

It is undisputed that Tedesco declined health insurance coverage from her employer starting in January 2013 and continued to receive primary coverage benefits under the Plan.  As the district court concluded in connection with defendants' counterclaim, the Trustees therefore have the right to recover, through setoff, any benefit overpayments, meaning "any amount that would have been paid by [Tedesco's] employer's Plan if

5

[she] had not elected to not be covered." App'x at 120. We remand for the district court to determine the amount of money the Fund is entitled to recover.

Accordingly, the judgment of the district court is hereby **VACATED** in part and the matter **REMANDED** for further proceedings consistent with this order. Each side shall bear its own costs.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK