17-3404-cv
Tedesco v. IBEW Local 1249 Insurance Fund

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6th day of July, two thousand eighteen.

Present:      ROSEMARY S. POOLER,
             REENA RAGGI,
             PETER W. HALL,
                    *Circuit Judges*.

_____

WENDY A. TEDESCO,

                    *Plaintiff-Counter-Defendant-Appellant*,

             v.                                              17-3404-cv

I.B.E.W. LOCAL 1249 INSURANCE FUND,
JAMES C. ATKINS, WILLIAM BOIRE,
CHARLES BRIGHAM, MICHAEL GILCHRIST,
SCOTT LAMONT, AND EDWIN MOREIRA, JR.,
AS TRUSTEE OF THE FUND, DANIEL R.
DAFOE, AS ADMINISTRATOR OF THE FUND,

                    *Defendants-Counter-Claimants-Appellees*.

_____

Appearing for Appellant:      Eric S. Weinstein, Ellenoff Grossman & Schole LLP, New York, N.Y.

Appearing for Appellee:     Jules L. Smith, Blitman & King LLP (Daniel R. Brice, *on the brief*), Rochester, N.Y.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of said District Court be and it hereby are **AFFIRMED IN PART AND VACATED IN PART.**

Appellant Wendy A. Tedesco appeals from an August 21, 2017 order of the United States District Court for the Southern District of New York (Forrest, *J.*), dismissing Appellees' overpayment claim as moot and an October 20, 2017 order denying Tedesco's motion for attorney's fees. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Tedesco first takes issue with the district court's reading of our previous summary order in this matter. In that order, issued on December 21, 2016, we vacated the district court's prior dismissal of Tedesco's denial-of-benefits claim in light of intervening precedent. *Tedesco v. I.B.E.W. Local 1249 Insurance Fund*, 674 F. App'x 6 (2d Cir. 2016) (summary order). We also found that Tedesco's overpayment claim failed on the merits. *Id.* at 8-9. Thus, we affirmed the district court's dismissal of Tedesco's overpayment claim. We went on to say: "As the district court concluded in connection with defendants' counterclaim, the Trustees [of the Fund]…have the right to recover, through setoff, any benefit overpayments…." *Id.* at 9. We remanded "for the district court to determine the amount of money the Fund is entitled to recover." *Id.*

On remand, the district court concluded that it did not have jurisdiction to determine how much money the Fund had the right to recover, because Appellees had already voluntarily withdrawn their claim. *Tedesco v. I.B.E.W. Local 1249 Insurance Fund*, 14-cv-3367, 2017 WL 3608246, at *11 (S.D.N.Y. Aug. 21, 2017). This determination was correct. *See A.B. Dick Co. v. Marr*, 197 F.2d 498, 502 (2d Cir. 1952) ("[V]oluntary dismissal of a suit leaves the situation so far as procedures therein are concerned the same as though the suit had never been brought, thus vitiating and annulling all prior proceedings and orders in the case, and terminating jurisdiction over it for the reason that the case has become moot.") (internal citation omitted); *see also U.S. D.I.D. Corp. v. Windstream Communications, Inc.*, 775 F.3d 128, 134 (2d Cir. 2014) (same). Tedesco's argument that our remand was not of *Appellees'* withdrawn claim for overpayment but of *her* claim that she had not been overpaid is plainly contradicted by the text of our previous summary order.

Tedesco's challenge to the denial of attorney's fees fares better. We review denials of attorney's fees under 29 U.S.C. § 1132 for abuse of discretion. *See Donachie v. Liberty Life Assurance Co. of Boston*, 745 F.3d 41, 45 (2d Cir. 2014). "A court necessarily abuses its discretion when it applies an incorrect legal standard. We review questions of law regarding the appropriate legal standard in granting or denying attorney's fees de novo." *Scarangella v. Group Health, Inc.*, 731 F.3d 146, 151 (2d Cir. 2013) (internal citation omitted).

2

"[W]hether a plaintiff has obtained some degree of success on the merits is the sole factor that a court *must* consider in exercising its discretion" to award fees under Section 1132. *Donachie*, 745 F.3d at 46. As the Supreme Court clarified in *Hardt*, attaining "some degree of success" is not the same as being a "prevailing party," *Hardt v. Reliance Standard Life Insurance Co.*, 560 U.S. 242, 254-55 (2010), the latter of which requires a "material alteration of the legal relationship of the parties" by a court, either in the form of an "enforceable judgment[] on the merits" or a "court-ordered consent decree." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 604 (2001). "Some degree of success" does not mean "trivial success" or a "purely procedural victory," but it also does not require a success to be "substantial" or even on a "central issue." *Hardt*, 560 U.S. at 255. In particular, we have recognized that "in evaluating ERISA fee applications, the catalyst theory remains a viable means of showing that judicial action in some way spurred one party to provide another party with relief, potentially amounting to success on the merits." *Scarangella*, 731 F.3d at 155. Using a catalyst theory, where "the parties already have received a tentative analysis of their legal claims within the context of summary judgment, a party may be able to show that the court's discussion of the pending claims resulted in the party obtaining relief." *Id.*; *see also Slupinski v. First Unum Life Insurance Co.*, 554 F.3d 38, 47 (2d Cir. 2009).

The district court called into doubt whether Tedesco achieved "some success on the merits," pointing to the fact that any success that Tedesco achieved can be attributed to the change in the relevant legal standard for reviewing denials of benefits under ERISA that we announced during the pendency of the previous appeal of this matter. *See Halo v. Yale Health Plan, Directors of Benefits & Records Yale Univ.*, 819 F.3d 42 (2d Cir. 2016). To the extent the district court's doubt about Tedesco's success amounted to a legal determination that the parties' settlement following our remand and the district court's subsequent denial of summary judgment to defendants on part of Tedesco's denial-of-benefits claim was not "some success," it was an error of law. If there had been no settlement and Tedesco had won at trial, Tedesco would clearly have achieved "some success on the merits" and that success would be just as attributable to the intervening precedent. Or, to look at it from a different angle, had *Halo* not been passed down during the pendency of Tedesco's appeal, Tedesco herself could have convinced us to change the standard of review. It would be strange to make the definition of "some success" depend on the order in which we hear cases. "Congress intended the fee provisions of ERISA to encourage beneficiaries to enforce their statutory rights," not to dole out awards to attorneys for raising a legal issue for the first time. *Donachie*, 745 F.3d at 45-46 (internal quotation marks omitted).

Even if a party has achieved some success on the merits, district courts "retain discretion to consider five additional factors in deciding whether to award attorney's fees." *Id.* at 46 (internal punctuation omitted). Those five factors, which we first articulated in *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987), are: "(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants." *Id.* If a district court decides to consider some of these factors rather than simply granting attorney's fees, it "cannot selectively consider some factors while ignoring others." *Donachie*, 745 F.3d at 47.

The district court in this case briefly discussed the *Chambless* factors, determining that the Fund demonstrated no bad faith, which meant the fees would not deter future bad conduct, and that "no other circumstances—such as the importance of the case for other ERISA plaintiffs or the relative merits of the parties' positions—[] tilt the balance in favor of plaintiff." Special App'x at 32. Regarding the first conclusion, we have repeatedly explained that "'a party need not prove that the offending party acted in bad faith' in order to be entitled to attorneys' fees." *Donachie*, 745 F.3d at 47 (quoting *Slupinski*, 554 F.3d at 48); *see also Paese v. Hartford Life & Accident Insurance Co.*, 449 F.3d 435, 450-51 (2d Cir. 2006); *Locher v. Unum Life Insurance Co. of America,* 389 F.3d 288, 298-99 (2d Cir. 2004); *Salovaara v. Eckert,* 222 F.3d 19, 27-28 (2d Cir. 2000). "[T]he concepts of 'bad faith' and 'culpability' are distinct, and either one may satisfy the first *Chambless* factor." *Donachie*, 745 F.3d at 47. The district court failed to consider whether the Fund exhibited at least some degree of culpability in light of its reliance on two psychiatrists who failed to consult with the treating psychiatrist and its failure to comply with ERISA's requirements for explaining its decisions. *See Halo*, 819 F.3d at 58. On remand, the district court should consider whether this level of culpability, combined with Tedesco's partial success on the merits and the Fund's admitted ability to pay weighs in favor of granting attorney's fees. We conclude only that once one removes the district court's overreliance on lack of bad faith, its decision does not "reveal[] [any] particular justification for denying [Tedesco's] request" for those fees. *Donachie*, 745 F.3d at 47 (internal quotation marks omitted).

Accordingly, the order of the district court hereby is AFFIRMED IN PART and VACATED IN PART. We REMAND to the district court to determine whether Tedesco is entitled to reasonable attorney's fees and, if so, the amount of those fees. *See*, *e.g.*, *Scarangella*, 731 F.3d at 151 (vacating and remanding where the "district court did not rely entirely on the correct legal standard in evaluating [applicant's] eligibility for attorney's fees").

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4