II. Discussion
"The general rule in [the American] legal system is that each party must pay its own attorney's fees and expenses." See e.g., Perdue v. Kenny A. ex rel. Winn , 559 U.S. 542, 550, 130 S.Ct. 1662, 1671, 176 L.Ed.2d 494 (2010) (internal citations omitted). Under ERISA, however, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1) ; see also LaBarbera v. J.E.T. Res., Inc. , 396 F.Supp.2d 346, 349-50 (E.D.N.Y. 2005) ("Under ERISA, an award of attorneys' fees and costs is within the sound discretion of the trial court"). In the Second Circuit, courts weigh the following five factors when considering whether to award legal fees and costs:
(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.
Chambless v. Masters, Mates & Pilots Pension Plan , 815 F.2d 869, 871 (2d Cir. 1987)abrogation on other grounds recognized by Levitian v. Sun Life & Health Ins. Co. , 486 F. App'x 136 (2d Cir. 2012) (internal citations omitted). A district court's discretion in this regard, however, *376 " 'is not unlimited,' inasmuch as it may only award attorneys' fees to a [party] who has obtained 'some degree of success on the merits.' " Donachie v. Liberty Life Assur. Co. of Bos. , 745 F.3d 41, 46 (2d Cir. 2014) (quoting Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 254-55, 130 S.Ct. 2149, 176 L.Ed.2d 998 (2010). "A party satisfies this standard if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue." Dist. Photo Inc. Health Care Plan v. Pyrros , No. 13-cv-4285, 2017 WL 2334027, at *3 (E.D.N.Y. May 30, 2017) (internal quotation and citation omitted). Thus, in deciding whether to render an award under Section 1132(g)(1), courts may apply the Chambless factors, but the only factor they must consider is whether a party obtained some degree of success on the merits. See Tedesco v. I.B.E.W. Local 1249 Ins. Fund , No. 14-cv-3367, 2019 WL 140649, at *4 (S.D.N.Y. Jan. 9, 2019) (citing Donachie , 745 F.3d at 46 ).
"Although the Chambless test applies to both plaintiffs and defendants in ERISA actions, courts have cautioned that the five factors very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." Salovaara v. Eckert , 222 F.3d 19, 28 (2d Cir. 2000) (internal quotation and citations omitted). The disfavor of awards to defendants stems, inter alia , from: (i) plaintiffs often bringing suits in good faith despite ultimately failing to prove their case; (ii) the goal of avoiding a chilling effect against bringing colorable suits; and (iii) supporting ERISA's essential remedial purpose of protecting beneficiaries of pension plans. See id. ; see also Toussaint v. JJ Weiser, Inc. , 648 F.3d 108, 111 (2d Cir. 2011) ("This favorable slant toward ERISA plaintiffs is necessary to prevent the chilling of suits brought in good faith") (internal quotation and citation omitted).
Applying these standards, and for the reasons set forth below, the Court concludes that an award of attorneys' fees and costs to Defendant is not warranted here. As an initial matter, Conway's victory at trial certainly constitutes success on the merits such that the Court retains its discretion to award fees and costs under Chambless . Weighing the relevant factors, however, establishes that an award is inappropriate.
The Court notes that Conway made little to no effort at justifying its request for attorneys' fees and costs. Indeed, in its moving papers Defendant cites to no authority, save the statute itself, substantiating its claim for relief. See generally Declaration of Joseph Steflik, Jr., DE [117]. On reply, after Plaintiffs outlined the relevant precedent for determining whether an award under Section 1132(g)(1) is appropriate, Conway for the first time referenced the Chambless factors. See [Reply] Memorandum of Law ("Def.'s Reply"), DE [120]. Still, however, Defendant did little more than list the factors and claim in conclusory fashion that it was entitled to recovery. See id. at 3.[1] Notwithstanding, the Court considers the Chambless factors.
*377 A. Culpability or Bad Faith
The Court first concludes that Plaintiffs brought this action in good faith. The Court notes that "[t]his first factor regarding 'bad faith' is generally the most significant to the overall determination whether a defendant should be awarded attorney's fees in an ERISA setting." Critelli v. Fid. Nat. Title Ins. Co. of New York , 554 F.Supp.2d 360, 364 (E.D.N.Y. 2008). With respect to culpability, the bad faith "of a losing plaintiff significantly differs from that of a losing defendant" in that the latter "must have violated ERISA, thereby depriving plaintiffs of rights under a [benefit] plan" whereas the former "may be only in error or unable to prove his case." Salovaara , 222 F.3d at 28 (internal quotations and citations omitted); see also Pyrros , 2017 WL 2334027, at *4 ("a party that has raised potentially meritorious claims in good faith will generally not be deemed culpable") (internal citations omitted). Here, Plaintiffs clearly commenced suit under the good faith belief that Conway neglected to contribute to the Funds in accordance with the CBA. Indeed, Judge Hurley initially granted summary judgment in Plaintiffs' favor, see DE [38], and despite ultimately ruling for Defendant after a bench trial following the Second Circuit's remand, he concluded that Plaintiffs advanced "formidable" evidence that "would certainly have carried the day but for [Conway's compelling testimony]." See DE [114] at 11. Thus, it is evident that Plaintiffs were dutifully carrying out their fiduciary obligation of protecting the Funds' beneficiaries.[2] Accordingly, this first essential factor weighs in Plaintiffs' favor.
B. Ability to Pay
As for the ability of the offending party to satisfy an award, "it is only a party's inability to pay an award that weighs in its favor while its ability to pay is generally neutral in effect." Tedesco , 2019 WL 140649, at *7 (internal quotations and citations omitted) (emphasis in original ). Here, Conway makes no argument with respect to Plaintiffs' ability to pay but instead mentions its own position as a small business. See Def.'s Reply at 3. This argument misses the mark as the question concerns Plaintiffs ', not Defendant's, ability to satisfy an award. To that end, Plaintiffs note that although they technically could pay Conway's legal fees, any such award would come at the detriment of the Funds' beneficiaries. See Memorandum of Law in Opposition to Defendant's Application for Attorney's Fees and Costs ("Pls.' Opp.") at 5-6. Because neither party asserts that Plaintiffs would be unable to pay, this factor is neutral.
C. Deterrence
The Court next concludes that granting Conway's motion would not deter future misconduct. Indeed, in the absence of culpable conduct by an offending party, "there is no misconduct to deter." Pyrros , 2017 WL 2334027, at *6.
In fact, where, as in this case, an ERISA plaintiff has pursued a colorable (albeit unsuccessful) claim, [this factor] ... weighs strongly against granting fees to the prevailing defendant. Awarding fees *378 in such a case would likely deter beneficiaries and trustees from bringing suits in good faith for fear that they would be saddled by their adversary's fees in addition to their own in the event that they failed to prevail; this, in turn, would undermine ERISA's essential remedial purpose of protecting beneficiaries of pension plans.
Salovaara , 222 F.3d at 31 (emphasis in original ) (internal citation omitted); see also Pyrros , 2017 WL 2334027, at *7 (refusing fees to a prevailing defendant, inter alia , because of "the possible chilling effect an award would have on potentially meritorious lawsuits brought to protect beneficiaries' interests"). Here, as detailed above, Plaintiffs brought this action with the good faith belief that they had a meritorious claim, but ultimately lost at trial despite proffering substantial supporting evidence. Thus, an award of attorneys' fees and costs in this instance would merely chill future potentially viable claims. Accordingly, this factor also weighs in Plaintiffs' favor.
D. Relative Merits of the Parties' Positions
The relative merits of the parties' positions further militate against an award of fees here because Plaintiffs' position was colorable. See Renda v. Adam Meldrum & Anderson Co. , 806 F.Supp. 1071, 1084 (W.D.N.Y. 1992) ("an award is less appropriate where, as here, the losing party has presented a meritorious, albeit unsuccessful, argument in support of its position"). As Judge Hurley found in his first summary judgment decision, Brown v. C. Volante Corp. stands for the proposition that an employer can demonstrate an intent to be bound by a CBA despite not having signed the document. See 194 F.3d 351, 355 (2d Cir. 1999) ; see also DE [24]. Following this precedent, Judge Hurley concluded that Conway implicitly assented to the terms of the CBA. In vacating the Judgment and remanding this case, the Second Circuit agreed with the legal conclusions of Brown but held that genuine factual disputes as to whether Conway manifested its intent to be bound precluded summary judgment. See DE [82] at 3-4. Defendant's eventual success at trial turned on what Judge Hurley considered "highly credible testimony" from Conway notwithstanding the validity of Plaintiffs' legal position. See DE [114] at 11. Because Plaintiffs brought this action under a viable theory of law and adduced "formidable" evidence in support thereof, Conway's victory renders this factor neutral.
E. Common Benefit
"[T]he fifth Chambless factor, whether the action conferred a common benefit on a group of plan participants, is generally regarded as either inapplicable or neutral where an ERISA defendant is seeking attorneys' fees." Mahoney v. J.J. Weiser & Co. , 646 F.Supp.2d 582, 594 (S.D.N.Y. 2009) (collecting cases). Accordingly, because the instant motion concerns Conway's request for attorneys' fees and costs, the Court declines to consider this this final factor.
Having weighed the Chambless factors and determined that the first and third factors weigh in Plaintiffs' favor, the second and fourth factors are neutral, and the fifth factor is inapplicable, the Court concludes that an award of attorneys' fees and costs to Conway is inappropriate. Plaintiffs unquestionably brought this action with the good faith belief that they had a meritorious claim for delinquent contributions and indeed almost prevailed on multiple occasions. Rendering an award in Conway's favor under these circumstances would undoubtedly have a chilling effect on future trustees responsible for enforcing *379 beneficiaries' rights under ERISA. Accordingly, the Court respectfully recommends denying Conway's motion for attorneys' fees and costs.
III. Conclusion
For the reasons set forth above, the Court respectfully recommends denying Defendant's motion for attorneys' fees and costs.
IV. Objections
A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1) ; Fed. R. Civ. P. 6(a) ; Ferrer v. Woliver , 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008) ; Beverly v. Walker , 118 F.3d 900, 902 (2d Cir. 1997) ; Savoie v. Merchants Bank , 84 F.3d 52, 60 (2d Cir. 1996).

Defendant also relied on two additional cases to support its motion, neither of which support its request. See Def.'s Reply at 1-2. Conway first references a Ninth Circuit decision, in arguing that "a court may assess attorney's fees against a multi-employer benefit plan that unsuccessfully sues an employer for non-payment of ERISA contributions." Corder v. Howard Johnson & Co. , 53 F.3d 225, 230 (9th Cir. 1994). However, in that case the Ninth Circuit reversed the district court's fee award in acknowledging ERISA's purpose of "provid[ing] relief to beneficiaries with legitimate claims." Id. at 231. Thus, Conway's citation to Corder is misplaced. Defendant's reliance on Marx v. Gen. Revenue Corp. , 568 U.S. 371, 133 S.Ct. 1166, 185 L.Ed.2d 242 (2013) is also misguided, as that case concerned costs under the Fair Debt Collections Practices Act, not ERISA.

Conway argues that Plaintiffs initiated this action to coerce it to "sign" with the union. See Def.'s Reply at 3. The Court assumes "sign" refers to execute the CBA, but it is unclear from the papers. See id. In any event, this contention is unsupported by any citation to the record and is therefore rejected.