# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2011

No. 10-11168
Summary Calendar

Lyle W. Cayce
Clerk

1 LINCOLN FINANCIAL COMPANY,

Plaintiff-Appellant

v.

METROPOLITAN LIFE INSURANCE COMPANY,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CV-577

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant 1 Lincoln Financial ("Lincoln") argues that the district court erred by awarding attorney's fees and costs to Defendant-Appellee Metropolitan Life Insurance Company ("MetLife") in this lawsuit governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. We hold that the district court did not err and we AFFIRM that court's award of attorney's fees and costs to MetLife.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11168

This dispute stems from Lincoln's attempt to recover a portion of life-insurance benefits under an employee welfare benefit plan governed by ERISA. Lincoln filed its claim after an individual had assigned her interest in benefits from a life insurance policy to a funeral home, which in turn, assigned the interest to Lincoln. MetLife denied the claim, Lincoln sued MetLife in state court, and MetLife removed the case to federal court. After Lincoln unsuccessfully moved to remand the case, MetLife moved for summary judgment. Lincoln failed to oppose the motion and the district court granted summary judgment in favor of MetLife. When MetLife moved for reasonable attorney's fees, Lincoln opposed the motion. The district court disagreed with Lincoln and awarded MetLife $17,842.21 in attorney's fees and costs. Dissatisfied, Lincoln appealed.

In a case governed by ERISA, we review the district court's award of attorney's fees and costs for an abuse of discretion. *Wade v. Hewlett-Packard Develop. Co. LP Short Term Disability Plan*, 493 F.3d 533, 541 (5th Cir. 2007). ERISA authorizes a court to award costs "in its discretion." 29 U.S.C. § 1132(g). In *Hardt v. Reliance Standard Life Ins. Co.*, the Supreme Court held that this award is not limited to a "prevailing party." 130 S.Ct. 2149, 2157–58 (2010).[1] Rather, under § 1132(g)(1), a district court may award attorney's fees and costs if a party has achieved "some degree of success on the merits." *Id.* at 2158. Once a district court determines that a party is eligible for a fee award under § 1132(g)(1), a district court may consider whether fees are appropriate under the factors outlined in *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980). *Hardt*, 130 S.Ct. at 2158 n.8.

---

[1] Prior to *Hardt*, we permitted an award of fees on a "prevailing party basis" and we did not require a district court to consider the five factors. *Wade*, 493 F.2d at 542–43. *Hardt* abrogates our "prevailing party" requirement.

No. 10-11168

Lincoln argues that the district court erred because ERISA only permits fee awards when a lawsuit is brought by a "participant, beneficiary, or fiduciary" of a benefits plan governed by ERISA.[2]  Lincoln asserts that it is not a participant, beneficiary, or fiduciary.  This argument is flawed.  Indeed, § 1132(a) only permits for a fee award in a lawsuit filed by a "participant, beneficiary, or fiduciary."  But Lincoln's claim exists because the original participant and beneficiary assigned her interest to a business, which in turn, assigned that interest to Lincoln.  As an assignee, Lincoln stands in the shoes of the original beneficiary and plan participant.  *FDIC v. Bledsoe*, 989 F.2d 805, 810 (5th Cir. 1993).  Therefore, § 1132 permits for an award of fees.

Lincoln also argues that the district court erroneously concluded that MetLife had satisfied the five factors outlined in *Bowen*.[3]  But, this argument is irrelevant to the question of whether MetLife was entitled to fees as a threshold matter.  As the Court stated in *Hardt*, the requirement for an award of fees is that a party achieve some degree of success on the merits.  130 S.Ct. at 2158.  A district court may consider the five factors, but *Hardt* does not mandate consideration.  130 S.Ct. at 2158 & n.8 ("Because these five factors bear no obvious relation to § 1132(g)(1)'s text or to our fee-shifting jurisprudence, they are not required for channeling a court's discretion when awarding fees under this section.")  MetLife motion's for summary judgment was unopposed by

---

[2] Lincoln did not object to the reasonableness of MetLife's fees before the district court. Lincoln's failure to object means it waived the right to appeal that issue. *Zhang v. Gonzales*, 432 F.3d 339, 346–47 (5th Cir. 2005).

[3] These factors are: (1) the degree of the opposing party's bad faith or culpability; (2) the opposing party's ability to satisfy an attorney's fee award; (3) whether an award of attorney's fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting attorney's fees aimed to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; (5) the merits of the parties' positions. *Hardt*, 130 S.Ct. at 2154 n.1; *see also Dial v. NFL Player Supplemental Disability Plan*, 174 F.3d 606, 613–14 (5th Cir. 1999).

No. 10-11168

Lincoln and the district court granted summary judgment in favor of MetLife on all of Lincoln's claims.  MetLife clearly succeeded on the merits.  *Hardt*, 130 S.Ct. at 2158.  It was in the district court's discretion to consider the five factors as it did and that court did not abuse its discretion by concluding that the factors permitted an award in MetLife's favor.

    We AFFIRM.