# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 15-10053

———

United States Court of Appeals
Fifth Circuit

**FILED**

January 2, 2018

Lyle W. Cayce
Clerk

VICTORY MEDICAL CENTER HOUSTON, LIMITED PARTNERSHIP,

> Plaintiff - Appellee

v.

CAREFIRST OF MARYLAND, INCORPORATED, formerly known as Blue Cross and Blue Shield of Maryland, Incorporated,

> Defendant - Appellant

———

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-1607

———

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant-Appellant CareFirst of Maryland, Inc. ("CareFirst") sought attorneys fees from Victory Medical Center Houston, LP ("Plaintiff") in relation to the ERISA case, *Innova Hospital San Antonio LP v. Blue Cross & Blue Shield of GA, et al*, No. 14-11300. The district court denied the motion. We affirm.

———

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10053

In April 2012, a number of health care providers filed suit in Texas state court against 42 insurance companies ("Defendants"), including CareFirst. The Plaintiff alleged that it had provided covered medical treatment to patients insured by the Defendants, but that when the Plaintiff submitted reimbursement requests, the Defendants either denied the requests or "unilaterally reduced the amount of payment to an unacceptable and unsustainable level." The Plaintiff contended that these denials and underpayments violated the Employee Retirement Income Security Act ("ERISA"), the Federal Employees Health Benefits Act ("FEHBA"), and state law.

After exchanging initial discovery and filing various pretrial motions, the Defendants filed a motion to dismiss for failure to state a claim. CareFirst joined that motion and also filed a separate motion to dismiss, asserting that it had reimbursed the Plaintiff according to the terms of its insurance policies, copies of which CareFirst attached to its motion. The district court granted both motions in part and dismissed the Plaintiff's claims, except for those claims that Defendants—including CareFirst—failed to "provide information upon request."[1]

At that stage in the litigation, the Plaintiff had one remaining claim against CareFirst—that CareFirst had failed to provide information upon request, as required under ERISA. On September 12, 2014, the Plaintiff agreed to dismiss this sole remaining claim if CareFirst would withdraw its pending motion to compel. On September 15, 2014, CareFirst withdrew that motion and the Plaintiff voluntarily dismissed its remaining claim against CareFirst.

---

[1] Plaintiff's claims for negligent misrepresentation against certain insurers who were not governed by ERISA also survived the motions; however, these claims were not brought against CareFirst.

2

No. 15-10053

CareFirst subsequently filed a motion seeking attorneys fees pursuant to 29 U.S.C. § 1132(g)(1). The Plaintiff opposed that motion.

In January 2015, the district court denied CareFirst's motion for attorneys fees.[2] The court explained that even if a party is eligible for attorneys fees under 29 U.S.C. § 1132(g)(1), the court should consider whether a fee award is appropriate based on the factors that the Fifth Circuit established in *Iron Workers Local No. 272 v. Bowen*.[3] Applying the requirements of § 1132(g)(1), the district court stated that "based on the arduous procedural history of this action, the Court cannot 'fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry' into whether [CareFirst's] success was not based on a 'purely procedural victory.'"[4] The court further explained that even if CareFirst were eligible for attorneys fees, such an award was not warranted in this case.[5] CareFirst timely appealed that decision.

In a case governed by ERISA, a "district court has the discretion to award attorney's fees to either party."[6] We review a district court's decision whether to award attorneys fees in an ERISA case for abuse of discretion.[7]

To recover fees under 29 U.S.C. § 1132(g)(1), "a fees claimant must show 'some degree of success on the merits' before a court may award attorney's

---

[2] *Innova Hospital San Antonio LP, et al v. Blue Cross and Blue Shield of Georgia, Inc., et al*, No. 3:12-cv-01607 (N.D. Tex. Jan. 8, 2015) (order denying attorneys fees).

[3] *Id.* (citing *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980)).

[4] *Id.* (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010)).

[5] *Id.* (quoting *Hardt*, 560 U.S. at 255).

[6] *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1016 (5th Cir. 1992) (citing 29 U.S.C. § 1132(g)(1)).

[7] *1 Lincoln Fin. Co. v. Metro. Life Ins. Co.*, 428 F. App'x 394, 395 (5th Cir. 2011); ERISA § 502, 29 U.S.C. § 1132(g)(1) (providing that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party"); *E.I. DuPont de Nemours & Co.*, 966 F.2d at 1017 (denial of ERISA attorneys fees reviewed for abuse of discretion).

fees."[8] A claimant satisfies this requirement "if the court can fairly call the outcome of the litigation some success on the merits without conducting a 'lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue.'"[9]

Once a court determines that a party is eligible for a fee award, it may then examine the facts of the case to determine if a fee award is appropriate.[10] When determining whether to award attorneys fees under ERISA, the district court may consider:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.[11]

The United States Supreme Court has explained that "[these] factors are discretionary," so district courts may make fee determinations without evaluating these considerations.[12]

As noted above, the district court here determined that the "arduous procedural history" of this case prevented the court from determining that CareFirst had necessarily achieved success on the merits, as required for awarding fees under 29 U.S.C. § 1132(g)(1). The district court's reasoning, however, did not end with this threshold declaration. Instead, the court went on to explain that, even if CareFirst were eligible for fees, a fee award was not

---

[8] *Hardt*, 560 U.S. at 255 (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)).

[9] *Id.* (quoting *Ruckelshaus*, 463 U.S. at 688 n.9).

[10] *Id.* at 255 n.8; *1 Lincoln Fin. Co.*, 428 F. App'x at 395.

[11] *Bowen*, 624 F.2d at 1266.

[12] *See LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 847 (5th Cir. 2013) (citing *Hardt*, 560 U.S. at 256).

warranted in this case. The court first explained that there was no evidence that the Plaintiff acted in bad faith. The court next stated that it had considered the remaining *Bowen* factors and determined that they did not support an award of attorneys fees.

A district court has "broad discretion" under *Hardt* in awarding attorneys fees, limited only by the language of § 1132(g)(1).[13] Not only did the district court analyze the statutory requirements for awarding attorneys fees, it also considered the optional *Bowen* factors. We are satisfied that the district court did not abuse its discretion in declining to award attorneys fees in this case and therefore affirm that court's decision.

AFFIRMED.

---

[13] *Hardt*, 560 U.S. at 254; *see also Carlson v. HSBC-N. Am. (US) Ret. Income Plan*, 542 F. App'x 2, 8 (2d Cir. 2013), as corrected (Sept. 17, 2013) ("[W]hether [a fee] award is merited . . . . is committed to the discretion of the district court, and it is for the district court to consider the question in the first instance and 'articulate reasons for its decision to grant or deny fees.'" (quoting *Connors v. Connecticut Gen. Life Ins. Co.*, 272 F.3d 127, 137 (2d Cir. 2001))).