**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 19-20285

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2020

Lyle W. Cayce
Clerk

Consolidated with 19-20467

SAMUEL GONZALES,

       Plaintiff - Appellant

v.

CONOCOPHILLIPS COMPANY; FRANK ALEXANDER; DAN MECHAM;
CONOCOPHILLIPS SEVERANCE PAY PLAN,

       Defendants - Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2374

Before DAVIS, JONES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

    Plaintiff-Appellant Samuel Gonzales brought suit against Defendants-Appellees ConocoPhillips, its Severance Pay Plan, and two Plan administrators. In his complaint, Gonzales asserted claims against Defendants for employment discrimination on the basis of national origin

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20285

under Title VII and § 1981, as well as claims for wrongful denial of severance benefits, failure to timely provide plan documents, and breach of fiduciary duty under ERISA Sections 502(a)(1)(B), 502(c), and 503. The district court granted summary judgment in favor of Defendants on all claims and dismissed Gonzales' suit in its entirety. The court awarded Defendants $186,000 in attorneys' fees. Gonzales appeals the court's final judgment and award of attorneys' fees. We AFFIRM.

## I.

Samuel Gonzales was first employed by ConocoPhillips in 2002 as a petroleum engineer. In 2011, Gonzales accepted an international assignment as a senior drilling engineer based in Australia. To be eligible to work in Australia, Gonzales was required to obtain a temporary work visa (457 visa), which includes certain character and fitness requirements. Gonzales applied for and successfully obtained a 457 visa permitting him to work in Australia from January 2012 to January 2016.[1]

While in Australia, Gonzales was convicted of several criminal offenses, including a July 2014 conviction for aggravated assault against his wife for which he was sentenced to one year probation. On January 7, 2016, Gonzales disclosed these convictions to the Australian Department of Immigration (the Department) in his application to renew his 457 visa, and Gonzales obtained a bridging visa while his 457 visa application was being reviewed and processed. On March 1, 2016, the Department cancelled Gonzales' bridging visa on character grounds, and Gonzales was detained in an immigration detention facility. After learning that Gonzales would not be available to work for the foreseeable future, ConocoPhillips put Gonzales on a paid leave of absence.

---

[1] Gonzales 457 visa was set to expire on January 11, 2016.

No. 19-20285

Gonzales remained on paid leave until April 1, 2016, when he had exhausted all of his paid time off. On June 24, 2016, Gonzales was released from the immigration detention facility and returned to the United States. On June 27, 2016, ConocoPhillips terminated Gonzales for cause, citing his absence from work without leave, his inability to perform his job duties, and his failure to maintain eligibility for his 457 visa in Australia. Thereafter, Gonzales filed suit. ConocoPhillips moved for summary judgment. Following a lengthy discovery process, the district court granted summary judgment in favor of ConocoPhillips and awarded ConocoPhillips attorneys' fees.

## II.

We review *de novo* a district court's grant of summary judgment, "applying the same legal standards that controlled the district court's decision." *Nichols v. Reliance Standard Life Ins. Co.*, 924 F.3d 802, 808 (5th Cir. 2019) (quoting *White v. Life Ins. Co. of N. Am.*, 892 F.3d 762, 767 (5th Cir. 2018)). Summary judgment is appropriate when the movant is entitled to judgment as a matter of law, and there is no genuine dispute of material fact. FED. R. CIV. P. 56(a). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010). We "draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence." *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015). "However, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (internal quotation marks and citation omitted). The movant is entitled to summary judgment if "the nonmoving party has failed to make a sufficient

showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

*ERISA Claims*

Where, as here, a plan subject to ERISA delegates discretionary authority to the plan administrator, we review the denial of a claim for an abuse of discretion. *See Ariana M. v. Humana Health Plan of Tex., Inc.*, 884 F.3d 246, 247 (5th Cir. 2018) (en banc) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). A plan administrator abuses its discretion if its decision is arbitrary or capricious. *Truitt v. Unum Life Ins. Co. of Am.*, 729 F.3d 497, 508 (5th Cir. 2013). "A decision is arbitrary and capricious only if it is made without a rational connection between the known facts and the decision or between the found facts and the decision." *Id.* (citation omitted). If the plan administrator's decision is supported by substantial evidence and is not arbitrary and capricious, it must prevail. *Nichols*, 924 F.3d at 808 (citation omitted). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Ellis v. Liberty Life Assur. Co. of Bos.*, 394 F.3d 262, 273 (5th Cir. 2004) (cleaned up)). Under this standard, we must uphold the plan administrator's decision if our review "assure[s] that the administrator's decision fall[s] somewhere on a continuum of reasonableness – even if on the low end." *Id.* (quoting *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 247 (5th Cir. 2009) (citation omitted)).

Here, the Plan administrator's decision is supported by substantial evidence. In order to be eligible to receive benefits under the Plan, Gonzales had to meet all Qualifying Circumstances and could not have a Disqualifying Circumstance. The Plan administrator correctly found that Gonzales did not satisfy all of the Qualifying Circumstances because he did not suffer a layoff;

in fact, Gonzales was terminated for cause, which is a Disqualifying Circumstance. Accordingly, the Plan administrator did not abuse his discretion in concluding that Gonzales was not eligible to receive Plan benefits. Furthermore, Gonzales failed to produce sufficient evidence that the Plan administrators either breached their fiduciary duty or failed to provide plan documents.[2] The district court, therefore, did not err in granting summary judgment on Gonzales' ERISA claims.

*Employment Discrimination*

As to Gonzales' discrimination claims, we apply the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Lee v. Kansas City Southern Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). To establish a prima facie case of employment discrimination, Gonzales must demonstrate that he (1) is a member of a protected class, (2) was qualified for his position, (3) was the subject of an adverse employment action, and (4) was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class. *Id.* Once Gonzales demonstrates a prima facie case, the burden of production shifts to ConocoPhillips to offer an alternative, nondiscriminatory explanation for the adverse employment action. *Id.* If ConocoPhillips can provide a legitimate nondiscriminatory explanation,

---

[2] Gonzales alleges the Plan administrators had a conflict of interest and did not give him a full and fair review. To that end, he raises several evidentiary issues, asserting that the court should have looked at evidence outside the administrative record to determine whether the Plan administrators wrongfully denied Gonzales benefits and breached their fiduciary duty to him. We find Gonzales' arguments meritless. The district court conducted a bench trial specifically for the purpose of determining whether the administrative record was complete, and after hearing testimony from the Plan administrators, as well as arguments from counsel, the district court determined the administrative record was complete. The court's decision to constrain the record to the evidence that was before the Plan administrator is in line with our precedent. *See Nichols*, 924 F.3d at 811–12, n.10.

No. 19-20285

Gonzales would then be required to demonstrate that ConocoPhillips explanation is merely a pretext for the discrimination. *Id.*

Even assuming arguendo that Gonzales has established a prima facie case of discrimination, he has failed to demonstrate that ConocoPhillips reason for terminating his employment was pretextual. It is undisputed that Gonzales was absent from work without leave beginning April 1, 2016 through June 24, 2016, when he was released from the immigration detention facility. Moreover, Gonzales was unable to perform his job duties while in the immigration detention facility. And ultimately, Gonzales failed to maintain eligibility for his 457 visa in Australia based on his character and fitness. Accordingly, the district court did not err in granting summary judgment on Gonzales' discrimination claims.

## III.

Finally, we review the district court's award of attorneys' fees under ERISA for an abuse of discretion. *North Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 485 (5th Cir. 2018). "A claimant must show some degree of success on the merits before a court may award attorney's fees. Success means the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue." *Id.* (internal quotation marks and citations omitted).

Although the district court here did not expressly articulate in its order for attorneys' fees how ConocoPhillips showed some degree of success on the merits, it is clear that by granting ConocoPhillips' motion for summary judgment as to all of Gonzales' claims, the district court did indeed find that ConocoPhillips had shown some success on the merits. *See 1 Lincoln Fin. Co. v. Metro Life Ins. Co.*, 428 F. App'x 394, 396 (5th Cir. 2011) (concluding that

the district court's grant of summary judgment showed the moving party had succeeded on the merits). Given that and the costs actually incurred by ConocoPhillips, we find that the district court did not abuse its discretion in its award of attorneys' fees. We AFFIRM the court's order and award.